NO. 4-05-0470     Filed: 3/14/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|      Plaintiff-Appellee, | ) | Circuit Court of |
|      v. | ) | Champaign County |
| TOVORIE K. GRAY, | ) | No. 02CF1051 |
|      Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey B. Ford, |
| | ) | Judge Presiding. |

_____

JUSTICE COOK delivered the opinion of the court:

On March 15, 2005, defendant, Tovorie K. Gray, admitted and stipulated to a petition to revoke his probation in front of Judge Jeffrey Ford. Judge Ford set a date to resentence defendant. Before the date set by Judge Ford, Judge Thomas Difanis, when sentencing defendant on two other matters, resentenced defendant based on his admission and stipulation to the petition to revoke his probation. Judge Difanis sentenced defendant to three years in prison pursuant to an agreement between defendant and the State. Judge Ford later vacated Judge Difanis's sentence, finding Judge Difanis did not have jurisdiction. Judge Ford resentenced defendant to 7 1/2 years in prison. Defendant appeals, arguing he is entitled either to the original three-year sentence or at least a lesser sentence. We reverse and remand with directions.

I. BACKGROUND

On July 11, 2002, defendant was indicted in Champaign County case No. 02-CF-1051 (cause 1051) for aggravated battery

(720 ILCS 5/12-4(b)(8) (West 2002)).  On August 20, 2003, defen-
dant pleaded guilty in front of Judge Ford and was sentenced to
30 months' probation.  On June 30, 2004, the State filed a
petition to revoke probation alleging that defendant failed to
fulfill conditions of his probation.

On March 15, 2005, Judge Ford presided over the hearing
on the petition to revoke defendant's probation.  After Judge
Ford properly admonished defendant, defendant admitted and
stipulated to the State's petition.  Judge Ford set the matter
for resentencing on April 25, 2005.

On April 4, 2005, Judge Difanis called cause 1051 for
negotiated disposition along with two other cases involving
defendant, case Nos. 01-CF-1301 (cause 1301) and 04-CF-974 (cause
974).  Defendant entered a negotiated plea of guilty to aggra-
vated battery in cause 974 and admitted to the State's petition
to revoke his probation for a burglary charge in cause 1301 in
exchange for three sentences in cause 1051, cause 1301, and cause
974 of three years in prison, with all three sentences to run
concurrently.

On April 25, 2005, Judge Ford called defendant's cause
1051; neither defendant nor his attorney was present.  Judge Ford
determined that Judge Difanis had no jurisdiction to sentence
defendant in cause 1051, so Judge Ford vacated the three-year
sentence in cause 1051.  Judge Ford continued the case for a
sentencing hearing.

On May 4, 2005, defendant filed a motion to reinstate

the negotiated sentence or other relief.  Defendant argued (1) the sentence was not void and could not be vacated by the trial court sua sponte; (2) the State did not move to vacate the sentence; (3) defendant's attorney did not receive notice that the sentence would be vacated; (4) vacating the sentence violates defendant's right against double jeopardy; (5) Judge Difanis had jurisdiction; and (6) the provision in section 5-4-1 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4-1 (West 2004)) that states that the same judge should try a case and impose a sentence is unconstitutional as it violates the separation-of-powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, §1).  That same day, Judge Ford denied counsel's motion, finding that he took the original admission and stipulation and the parties incorrectly went before Judge Difanis for sentencing.

On June 1, 2005, Judge Ford called defendant's cause 1051 for resentencing.  The State asked for a sentence of not less than three years in prison.  After noting defendant's extensive and violent criminal history, Judge Ford sentenced defendant to an extended-term sentence of 7 1/2 years in prison with credit for 91 days to be served concurrently with cause 974 and cause 1301.  Defendant immediately filed a motion to reconsider sentence, alleging that the sentence was excessive.  The court denied the motion, stating that "the agreed sentence in front of Judge Difanis was something that should never have been done."  This appeal followed.

## II. ANALYSIS

Defendant argues this court should compel specific performance of the original sentence entered by a court of lawful jurisdiction, and the court should afford defendant the benefit of his bargain with the State wherein he was induced to plead guilty and admitted to a petition to revoke in exchange for a three-year sentence in this case that would run concurrently with two other three-year sentences. Alternatively, defendant argues this court should reduce defendant's sentence based on his acceptance of responsibility, factors in mitigation, the State's recommendation, and undue prejudice resulting from his earlier resentencing.

Defendant first argues Judge Difanis had jurisdiction to sentence him, as jurisdiction is vested in the courts, not in a particular judge. Further, Judge Difanis was the presiding judge, so he had the authority to assign defendant's case to his own docket call.

We agree that jurisdiction is vested in courts, not in individual judges. See People v. P.H., 145 Ill. 2d 209, 222, 582 N.E.2d 700, 706 (1991) (stating that a statute that removes a case from a judge sitting in the juvenile division to a judge sitting in the criminal division of the same circuit is not a divestiture of jurisdiction as the circuit court retains juris-diction over the minor defendant); Department of Public Works & Buildings v. Legg, 374 Ill. 306, 309, 29 N.E.2d 515, 517 (1940)

(stating "jurisdiction is vested in the courts, not in the judges").  Further, the determination of which judge will hear a particular case is generally an administrative matter.  Blair v. Mackoff, 284 Ill. App. 3d 836, 842-43, 672 N.E.2d 895, 899 (1996).  Supreme Court Rule 21(b) states that "[t]he chief judge of each circuit may enter general orders in exercise of his general administrative authority, including orders providing for assignment of judges, general or specialized divisions, and times and places of holding court."  134 Ill. 2d R. 21(b).  "Rule 21(b), adopted pursuant to section 7(c) of article VI of our constitution (Ill. Const. 1970, art. VI, sec. 7(c)), *** confers power on each chief judge to enter general orders for the assign-ment of judges, free from any express legislative limitations." People v. Joseph, 113 Ill. 2d 36, 46, 495 N.E.2d 501, 506 (1986).  In the Sixth Circuit Court of Illinois, the circuit of which Champaign County is part, the chief judge appoints one circuit judge within each county as presiding judge of that county (6th Jud. Cir. Ct. R. 1.3(a) (eff. November 1, 1992)) and that presid-ing judge shall "administer the [j]udicial [d]epartment of the county in which he is presiding" and "shall assign judicial duties to the circuit and associate judges."  6th Judicial Cir. Ct. Rs. 1.3(b), 1.4(b) (eff. November 1, 1992).  A presiding judge may personally assign judges to individual cases.  See People v. Hattery, 183 Ill. App. 3d 785, 801, 539 N.E.2d 368, 379 (1989).

As Judge Difanis was sitting in a court with jurisdic-

tion over defendant's case, and as he had the power to assign defendant's case to his own docket, he had jurisdiction to re-sentence defendant in cause 1051.

The State responds, though, that section 5-6-4(h) of the Code (730 ILCS 5/5-6-4(h) (West 2002)) provides that sentencing after probation revocation shall be governed by section 5-4-1(b) of the Code, and section 5-4-1(b) of the Code provides a mandatory requirement that "[t]he judge who presided at the trial or the judge who accepted the plea of guilty shall impose the sentence unless he is no longer sitting as a judge in that court" (730 ILCS 5/5-4-1(b) (West 2002)). According to the State, only Judge Ford could sentence defendant because he was the judge who accepted the stipulation and admission to the petition to revoke probation, and he continued to sit as a judge in the court that was to sentence defendant.

Defendant acknowledges section 5-4-1(b) of the Code but argues that the section's mandate is not one to which courts must strictly adhere. If courts were forced to comply with section 5-4-1(b) of the Code, that section would violate the separation-of-powers clause of the Illinois Constitution.

In determining whether courts must strictly adhere to section 5-4-1(b), the issue is whether section 5-4-1(b) of the Code is mandatory or directory. The Supreme Court of Illinois has noted as follows:

"[T]he mandatory-permissive dichotomy concerns whether the language of a statute has the

force of a command that imposes an obliga-
tion, or is merely a grant of permission or
a suggestion, which therefore imposes no obli-
gation.  The mandatory-directory dichotomy ***
concerns the consequences of a failure to ful-
fill an obligation."  People v. Robinson, 217
Ill. 2d 43, 52, 838 N.E.2d 930, 935 (2005).

If section 5-4-1(b) of the Code is mandatory, only Judge Ford, the judge who accepted the stipulation and admission, may sentence defendant, and Judge Difanis's sentence should be vacated.  If section 5-4-1(b) of the Code is directory, Judge Difanis's sentence was not properly vacated and should be reinstated.

In determining whether a statutory obligation is mandatory or directory, this court applies the de novo standard of review.  Robinson, 217 Ill. 2d at 54, 838 N.E.2d at 936.

To decide the issue, we must determine the legislature's intent by first looking to the statute's language. Robinson, 217 Ill. 2d at 54, 838 N.E.2d at 936.  When determining whether a statute is mandatory or directory, statutory language that prescribes a result for failure to fulfill an obligation provides strong evidence that the statute is mandatory.  Robinson, 217 Ill. 2d at 54, 838 N.E.2d at 936.  In this case, the legislature did not prescribe a specific result for failure to provide the same sentencing judge as the one who presided over the trial or guilty plea.  The statute states that the judge who presided at the trial or accepted the plea shall impose the

sentence, but when the issue is whether a statute is mandatory or directory as opposed to mandatory or permissive, use of the word "shall" is not determinative.  See Robinson, 217 Ill. 2d at 54, 838 N.E.2d at 936.  The statutory language is otherwise ambiguous as to whether the legislature intended that the requirement of a specific judge be mandatory.  We, therefore, look to the purpose of the statute.

The council commentary to section 5-4-1(b) of the Code states that section 5-4-1(b) "makes explicit former Illinois practice of having the trial judge pass sentence.  Its purpose is to provide for sentence selection by the judge most informed of the facts in the case."  730 ILCS Ann. 5/5-4-1, Council Commentary, at 356 (Smith-Hurd 1997).  The primary concern in section 5-4-1(b), then, is that the judge issuing the sentence be fully informed.

In People v. Easley, 119 Ill. 2d 535, 519 N.E.2d 914 (1988), the Supreme Court of Illinois addressed whether section 5-4-1(b) of the Code required that a judge, sitting in the same circuit but different county, travel to a former county to sentence a defendant over whose trial that judge presided.  The court determined that section 5-4-1(b)'s exception that the sentencing judge does not have to be the judge who presided at the trial if that judge is no longer sitting as a judge "in that court" applied.  The court held that the phrase "in that court" refers to a particular division or county, not the entire circuit.  Easley, 119 Ill. 2d at 539-42, 519 N.E.2d at 915-17.

While the court expressly stated that it did not address whether section 5-4-1(b) was mandatory or permissive, or whether it was constitutional (Easley, 119 Ill. 2d at 541, 519 N.E.2d at 916), the court acknowledged that it found "no injustice in having a sentence imposed by a judge other than the one who conducted the trial, provided that the sentencing judge [had] access to the full record." Easley, 119 Ill. 2d at 540, 519 N.E.2d at 916. The court recognized, therefore, that the importance of section 5-4-1(b) is to ensure that the sentencing judge is fully informed.

In this case, neither party suggests Judge Difanis was inadequately informed when he sentenced defendant. As Judge Difanis was sentencing defendant in two other causes while sentencing defendant on cause 1051, he was informed of defendant's extensive criminal and often violent history. Further, defendant waived presentence investigation and report by the court services department as well as a formal sentencing hearing. As he was fully informed, Judge Difanis's sentence did not jeopardize the purpose of section 5-4-1(b) of the Code.

Supreme Court of Illinois cases addressing whether certain statutory provisions were mandatory or violations of the separation-of-powers clause of the Illinois Constitution are instructive in determining whether section 5-4-1(b) is mandatory.

In People v. Youngbey, 82 Ill. 2d 556, 561, 413 N.E.2d 416, 419 (1980), the supreme court held that the presentence investigation and report were mandatory legislative requirements

that could not be waived absent agreement between the parties as to the sentence to be imposed. The court determined that the mandatory presentence-report requirement did not constitute a legislative infringement on the judicial function because "[t]he aspect of the sentencing function involved in this section relates solely to a presentencing procedure." Youngbey, 82 Ill. 2d at 560, 413 N.E.2d at 419.

In People v. Walker, 119 Ill. 2d 465, 519 N.E.2d 890 (1988), the supreme court held that an automatic-substitution-of-judge provision did not violate the separation-of-powers provision. The court noted that "it is not within the legislature's power to enact statutes solely concerning court administration or the day-to-day business of the court[]." Walker, 119 Ill. 2d at 475, 519 N.E.2d at 893. If a statute expresses a public-policy determination, "having as its basis something other than the promotion of efficient judicial administration," the court will reconcile any conflicts between the rules of the court and the statute. Walker, 119 Ill. 2d at 475, 519 N.E.2d at 893. If a statute "directly and irreconcilably conflicts with a rule of this court on a matter within the court's authority, the rule will prevail." Walker, 119 Ill. 2d at 475, 519 N.E.2d at 893. Ultimately, the court determined that the legislation in question did not conflict with Rule 21(b) as the automatic-substitution-of-judge provision could be invoked only after assignment is made and Rule 21(b) provides for initial assignment.

The case at issue is not like Youngbey and Walker,

where the statutory provision mandates what information must be available to a judge <u>before</u> a sentencing determination or ensures a party's right to an impartial judge <u>after</u> a particular judge has been assigned to that party's case. Section 5-4-1(b) purports to mandate which judge must be assigned to sentence a particular defendant. Section 5-4-1(b) directly affects the sentencing by mandating who may sentence a defendant.

In <u>People v. Davis</u>, 93 Ill. 2d 155, 442 N.E.2d 855 (1982), the supreme court addressed whether requirements in sections 5-4-1(c) and 5-8-1(b) of the Code that command trial courts to state their reasons for imposing particular sentences were mandatory requirements. Unlike in <u>Youngbey</u>, the section under consideration in <u>Davis</u> involved "attempts to dictate the actual content of the judge's pronouncement of sentence." <u>Davis</u>, 93 Ill. 2d at 160-61, 442 N.E.2d at 857. The court held that the sections were directory because interpreting the sections to be mandatory would make them constitutionally invalid based on principles of separation of powers. <u>Davis</u>, 93 Ill. 2d at 162-63, 442 N.E.2d at 858. The court noted that the power to impose a sentence is exclusively a function of the judiciary and to construe the sections as mandatory would "permit a legislative infringement upon the exercise of the judicial function of imposing sentence." <u>Davis</u>, 93 Ill. 2d at 161, 442 N.E.2d at 857.

Finally, in <u>People v. Joseph</u>, 113 Ill. 2d 36, 495 N.E.2d 501 (1986), the supreme court determined that a section of the Post-Conviction Hearing Act (Ill. Rev. Stat., 1984 Supp., ch.

38, par. 122-8) requiring that postconviction proceedings be conducted by a judge not involved in the original proceeding violated the separation-of-powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, §1). The court found that the section violated the separation-of-powers clause because it encroached on the court's administrative and supervisory authority. Joseph, 113 Ill. 2d at 44, 495 N.E.2d at 505. The court further held that the section conflicted with Illinois Supreme Court Rule 21(b), and a rule of the court adopted pursuant to constitutional authority prevails over a statute that conflicts with that rule. Joseph, 113 Ill. 2d at 47-48, 495 N.E.2d at 507.

The provision at issue in this case is more closely analogous to the provisions in Davis and Joseph. Section 5-4-1(b) outlines which judge must be assigned to impose a particular sentence on a specific defendant. This directly conflicts with the judiciary's administrative power to assign cases and impose a sentence. It also conflicts with Rule 21(b), which provides for the assignment of judges. As section 5-4-1(b) conflicts with a supreme court rule and encroaches on the court's administrative responsibilities, the statute must be directory in order to avoid determining that the section is unconstitutional.

Determining section 5-4-1(b) is directory, rather than mandatory, ensures that section 5-4-1(b) will not be deemed unconstitutional under the separation-of-powers clause of the Illinois Constitution. Reviewing courts have a duty to construe acts of the legislature so as to affirm their constitutionality and validity when those acts' constructions are doubtful. See

<u>Davis</u>, 93 Ill. 2d at 161, 442 N.E.2d at 858.  Section 5-4-1(b) does not unduly encroach upon the inherent powers of the judiciary if it merely instructs the courts on a common practice rather than mandates a particular assignment.

Finally, allowing Judge Ford's increased sentence would violate section 5-8-1(c) of the Code.  Section 5-8-1(c) of the Code states "[a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed.  ***  <u>However, the court may not increase a sentence once it is imposed</u>."  (Emphasis added.)  730 ILCS 5/5-8-1(c) (West 2004).  Judge Difanis had jurisdiction to impose the sentence.  Judge Ford did not have authority to vacate that lawful sentence and impose a new sentence.  Judge Difanis's sentence of three years should, therefore, be reinstated.

As we determined defendant is entitled to the three-year sentence, we need not address defendant's remaining allegations of error.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand to the Champaign County circuit court with instructions to reinstate defendant's original three-year sentence.

Reversed and remanded with directions.

McCULLOUGH and MYERSCOUGH, JJ., concur.