NO. 4-05-0473     Filed: 1/4/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| CHIOKE HOLLIDAY, | ) | No. 97CF1660 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John K. Greanias, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In April 1998, defendant, Chioke Holliday, pleaded guilty to one count of first degree murder (720 ILCS 5/9-1(a)(1) (West 1998)), and the trial court later sentenced him to 30 years in prison.  Defendant later filed a motion to withdraw his guilty plea and reconsider his sentence, which the trial court denied.  He appealed, and this court affirmed.  People v. Holliday, No. 4-01-0273 (December 18, 2002) (unpublished order under Supreme Court Rule 23).

In January 2005, defendant filed a document entitled, "habeas corpus petition actual innocence claim," purportedly under the habeas corpus article of the Code of Civil Procedure (735 ILCS 5/10-101 through 10-137 (West 2004)), in which defendant claimed that he was being held unlawfully in prison.  In March 2005, the State moved to dismiss defendant's petition.  In April 2005, the trial court granted the State's motion and dismissed the petition.

Defendant appeals, arguing only that the trial court erred by dismissing his habeas corpus petition because the court should have recharacterized it as a postconviction petition that should have survived first-stage scrutiny under the Post-Conviction Hearing Act (725 ILCS 5/122-1 through 122-8 (West 2004)). Because we conclude that the trial court did not err by not recharacterizing defendant's petition, we affirm.

I. BACKGROUND

Defendant's January 2005 petition identified itself as a habeas corpus petition and stated that it was being brought pursuant to "735 ILCS 5/10-102 et seq.," the Code's habeas corpus article. The petition did not identify itself as being brought pursuant to the provisions of the Act.

In the State's March 2005 motion to dismiss defendant's petition, the State asserted, in pertinent part, that because the petition did not assert any of the grounds for habeas corpus relief set forth in section 10-124 of the Code (735 ILCS 5/10-124 (West 2004)), the trial court should dismiss it. In April 2005, the court granted the State's motion and dismissed defendant's petition.

This appeal followed.

II. DEFENDANT'S CLAIM THAT THE TRIAL COURT SHOULD HAVE
RECHARACTERIZED HIS HABEAS CORPUS PETITION
AS A POSTCONVICTION PETITION

Defendant argues that the trial court erred by dismissing his habeas corpus petition because the court should have recharacterized it as a postconviction petition. Defendant

- 2 -

asserts that, if the court had done so, it would have (1) found that the petition stated the gist of a meritorious claim that defendant's trial counsel was ineffective and (2) realized that the State's motion to dismiss the petition at what should have been the first stage of postconviction proceedings was improper. In making these arguments, defendant concedes that he did not raise any issues in his petition that were cognizable under the habeas corpus statute.

### A. The Trial Court's Authority To Recharacterize a Pleading as a Postconviction Petition

In People v. Purnell, 356 Ill. App. 3d 524, 528, 825 N.E.2d 1234, 1238 (2005), the trial court recharacterized the defendant's habeas corpus petition as a postconviction petition (believing, erroneously, that it was required to do so under People v. Sturgeon, 272 Ill. App. 3d 48, 649 N.E.2d 1385 (1995)). The court then dismissed the defendant's petition as frivolous and patently without merit. We affirmed the court's dismissal of the defendant's petition, but in doing so, we noted that the court was not required to recharacterize the defendant's habeas corpus petition as a postconviction petition under the Act. Purnell, 356 Ill. App. 3d at 528-29, 825 N.E.2d at 1238-39. We pointed out that, although prior cases (such as Sturgeon) held that a trial court was so required, the General Assembly amended the Act in 1997 through the passage of Public Act 89-609 (Pub. Act 89-609, §5, eff. January 1, 1997 (1997 Ill. Laws 2673, 2674)) to add subsection (d) to section 122-1 of the Act, which states as follows:

- 3 -

"A person seeking relief by filing a petition under this [s]ection must specify in the petition or its heading that it is filed under this [s]ection. A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this [s]ection need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this [a]rticle." 725 ILCS 5/122-1(d) (West 2004).

We further commented upon section 122-1(d) of the Act, as follows:

"Because [the defendant's] petition did not indicate in any way that he sought relief under the Act, under the plain meaning of section 122-1(d), the trial court was not required to treat his petition as a postconviction petition.

The language of section 122-1(d) suggests that although a trial court need not evaluate a petition that does not specify it is being filed under the Act to determine whether it could otherwise have stated some grounds for relief under the Act, the court

- 4 -

still has discretion to do so.  However, that course of action is one a trial court should take only in unusual and compelling circumstances, none of which are present in this case."  Purnell, 356 Ill. App. 3d at 528-29, 825 N.E.2d at 1238.

Since our decision in Purnell, the Supreme Court of Illinois has twice addressed the ability of a trial court to recharacterize a pleading as a postconviction petition even though it is not so labeled.  In People v. Shellstrom, 216 Ill. 2d 45, 53, 833 N.E.2d 863, 868 (2005), the supreme court recognized that although trial courts have the authority to recharacterize pleadings under section 122-1(d) of the Act, they are under no obligation to do so.  In addition, the court held as follows:

"[W]hen a circuit court is recharacterizing as a first postconviction petition a pleading that a pro se litigant has labeled as a different action cognizable under Illinois law, the circuit court must (1) notify the pro se litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3)

provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has." Shellstrom, 216 Ill. 2d at 57, 833 N.E.2d at 870.

In People v. Pearson, 216 Ill. 2d 58, 66, 833 N.E.2d 827, 830-31 (2005), the supreme court rejected the defendant's argument that the trial court erred by recharacterizing his section 2-1401 petition for relief from judgment (735 ILCS 5/2-1401 (West 2004)) as a postconviction petition. However, the court also held that the three steps required of trial courts under Shellstrom also applied to successive postconviction pleadings. Pearson, 216 Ill. 2d at 68, 833 N.E.2d at 832.

After considering Shellstrom and Pearson, as well as decisions from the appellate court addressing section 122-1(d), we adhere to our holding in Purnell that, although trial courts have the authority to consider a defendant's pleading as a postconviction petition, trial courts should be hesitant to use this authority and do so only in "unusual and compelling circumstances." Purnell, 356 Ill. App. 3d at 529, 825 N.E.2d at 1238.

In so holding, we note the following. Since the enactment of section 122-1(d) of the Act, no case has held that a trial court erred by failing to recharacterize a defendant's petition as a postconviction petition. On the other hand, several cases demonstrate the challenges awaiting a trial court

- 6 -

that chooses to do so. See, for instance, <u>Shellstrom</u>, 216 Ill. 2d at 58, 833 N.E.2d at 871 (trial court erred by failing to notify the defendant prior to recharacterizing the defendant's postconviction petition of the consequences of the court's taking that action); <u>Pearson</u>, 216 Ill. 2d at 68, 833 N.E.2d at 832 (trial court erred by recharacterizing the defendant's petition without following <u>Shellstrom</u>); <u>People v. Marino</u>, 349 Ill. App. 3d 197, 200, 812 N.E.2d 55, 57 (2004) ("to the extent that the [trial] court treated defendant's [<u>mandamus</u>] petition as a postconviction petition in summarily denying it, the court erred").

In addition, the intent of the legislature in enacting section 122-1(d) seems clear. The legislature wished to undo the line of Illinois cases (including <u>Sturgeon</u>) holding that a trial court was required to recharacterize a defendant's pleading as a postconviction petition if such a recharacterization could fairly be done based upon the contents of the pleading, even though the pleading made no reference to the Act. Given (1) the enactment of section 122-1(d) and (2) the procedural hurdles a trial court faces when recharacterizing a defendant's pleading as a postconviction petition, we conclude that our advice to trial courts that recharacterization should occur only in unusual and compelling circumstances remains sound.

We also take judicial notice that hundreds of prison inmates every year manage to comply with the pleading require-ments of the Act when it is their intent to file a petition

thereunder.

Finally, _not_ recharacterizing a pleading as a postconviction petition essentially costs the defendant nothing-- that is, the defendant (if he really wishes to file a post-conviction petition under the Act) may still do so.  For in-stance, in this case, affirming the trial court's dismissal of defendant's _habeas_ _corpus_ petition will not bar defendant from later filing a postconviction petition.

B. The Trial Court's Recharacterization Decision

Citing _Purnell_, defendant concedes that the trial court was not required to recharacterize his _habeas_ _corpus_ petition as a postconviction petition, but he argues that the court should have done so nonetheless.  Specifically, he contends that, "In this case, fundamental fairness suggests that the court should have [recharacterized his petition because], otherwise, defen-dant's claims would go completely unheard."  We are not per-suaded.

In _Shellstrom_, the supreme court made clear that after the enactment of section 122-1(d) of the Act, a trial court was neither required to--nor prohibited from--recharacterizing a defendant's petition that contains allegations that are cogniza-ble under the Act as a postconviction petition.  Thus, a trial court's decision regarding recharacterization is addressed to its sound discretion and will be reviewed under an abuse-of-discre-tion standard.  Accordingly, we will not reverse such a decision unless it was unreasonable, or "'no reasonable person would take

the view adopted by the trial court.'" People v. Johnson, No. 4-04-0460, slip op. at 10 (December 4, 2006), ___ Ill. App. 3d ___, ___ N.E.2d ___, ___, quoting People v. Sutherland, No. 99047, slip op. at 67 (September 21, 2006), ___ Ill. 2d ___, ___, ___ N.E.2d ___, ___, quoting People v. Hall, 195 Ill. 2d 1, 20, 743 N.E.2d 126, 138 (2000).

In this case, other than defendant's bare assertion that "fundamental fairness" suggests that the trial court should have recharacterized his habeas corpus petition as a postconviction petition, defendant has provided us with no cogent argument that the court abused its discretion by not doing so. Clearly, the circumstances of this case are far from "unusual and compelling." We thus conclude that the court did not abuse its discretion.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.

Affirmed.

MCCULLOUGH and MYERSCOUGH, JJ., concur.