THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARYL R. BEAN, Defendant-Appellant.

Fifth District    No. 5—08—0062

Opinion filed April 14, 2009.

SPOMER, J., specially concurring.
STEWART, J., dissenting.

Daniel M. Kirwan and Paige Clark Strawn, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and David Murrell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

On July 11, 2006, the defendant, Daryl R. Bean, was charged by information filed in the circuit court of St. Clair County with the offense of burglary, a Class 2 felony, in that, without authority, he knowingly entered a building owned by another with the intent to commit therein a theft. At the preliminary hearing on the information, Detective Karl Kraft of the Belleville police department testified that shortly after midnight on July 10, 2006, Tramez Malone, who lived in an apartment in the building which the defendant was charged with entering, came home and heard noises coming from another apartment in the building. He also saw what appeared to be a flashlight in the apartment. According to Kraft, "Tramez decided to walk past the complex, decided not to go in, walked down the street, [and] turned around." As Tramez walked back past the apartment building, he heard the front door of the building close and saw the defendant stepping off the front porch. Tramez then called the police and later identified the defendant as the person he had seen standing on the porch of the apartment building. The police discovered that the back door of the building and the door to one of the apartments had been forced open. Inside that apartment the police found papers with the defendant's name on them. The defendant denied having been in the building, and Tramez did not actually see the defendant inside the building. The circuit court found probable cause to believe that the defendant had committed an offense and bound him over for trial.

On March 29, 2007, a second count was added, charging the defendant with the offense of criminal trespass to a residence with a person present in that, without authority, he knowingly entered a residence and had reason to know that occupant Tramez Malone was present. On the same date, the defendant entered into a negotiated plea of guilty to this second count, criminal trespass to a residence with a person present, a Class 4 felony. Pursuant to the negotiated plea, the burglary charge was dismissed, as was a misdemeanor charge, and the defendant was sentenced to a term of imprisonment of 18 months with the recommendation that it be served concurrently with any sentence served as a result of his parole revocation. The following factual basis for the plea was presented to and accepted by the circuit court:

> "Your Honor, if this case proceeded to trial, Mark Weber, who was the owner of the residence ***, would state that at no time did the defendant have permission to enter that residence.
>
> Tramez Malone would state that he is the occupant of that residence, that he saw a person in that residence, notified the police, [and] the police responded. They would testify that they apprehended Mr. Bean close by *** and that a search of the residence revealed an occupancy permit in Mr. Bean's name, and Mr. Bean also matched a description given to the police by Tramez Malone as well as the person being inside the residence."

A judgment was entered the same date.

On October 2, 2007, the defendant filed a *pro se* petition for relief from judgment pursuant to section 2—1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2—1401 (West 2006)). In this motion the defendant argued that section 2—1401 was the proper forum in which to raise his claim for relief. The motion argued that the defendant should have been convicted of misdemeanor trespass to a residence because, in fact, no person had been present inside the residence at the time of the trespass. The defendant pointed out that the apartment which was entered was, in fact, in the process of being "rehabbed" and was unoccupied and that Tramez Malone actually lived in a different apartment in the same building. The motion further alleged that the State had "deliberately 'falsified' the facts and the evidence, as to the resident [sic] being occupied," that the court did not know of this deception at the time of sentencing, and that had it known, it would have found the defendant guilty of, and sentenced him for, misdemeanor trespass to a residence. The only relief requested by the defendant was the reduction of his conviction from a felony to a misdemeanor and a reduction in his sentence to time already served. The defendant did not seek to withdraw his guilty plea. The petition was supported by affidavit.

On November 1, 2007, the State filed a motion to dismiss the defendant's petition, in which it argued that the information charged that Tramez Malone was present in the residence at the time of the trespass and that the factual basis presented at the guilty plea hearing included the fact that Tramez Malone was the occupant of the residence. The motion to dismiss also argued that the petition contained no allegations of newly discovered evidence, as required for petitions filed pursuant to section 2—1401 of the Code of Civil Procedure. Finally, the motion to dismiss argued that, in any event, the circuit court was without authority to reduce the defendant's conviction from a felony to a misdemeanor and reduce his sentence to time served. The defendant filed a *pro se* response to the State's motion to dismiss and a memorandum of law in support thereof.

On January 10, 2008, the circuit court entered an order dismissing the defendant's section 2—1401 petition, stating, "The court having reviewed the pleadings finds that the petition presents no new evidence which was unknown to petitioner and the court at the time that judgment was entered." The defendant filed his notice of appeal on January 28, 2008.

In his brief on appeal, the defendant acknowledges that he erred in filing a petition for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure and that instead he should have filed a petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2006)), "as the issues contained in [the petition] are clearly post[ ]conviction issues and not newly[ ]discovered evidence that would be properly presented in a petition for relief from judgment." In making this argument, the defendant effectively concedes that he did not raise any issues in his petition that were cognizable under section 2—1401 of the Code of Civil Procedure and that the circuit court properly dismissed the petition under that statutory provision. Nevertheless, the defendant argues that the circuit court had the authority to treat his *pro se* pleading as a petition under the Post-Conviction Hearing Act and that it erred in not doing so.

While we agree that the circuit court had the authority to treat the defendant's pleading as a petition under the Post-Conviction Hearing Act, we do not agree that the court erred in failing to do so. The Post-Conviction Hearing Act specifically provides that a circuit court is under no obligation to treat a postconviction pleading as one brought under that Act unless the pleading so specifies:

> "A person seeking relief by filing a petition under this Section must specify in the petition or its heading that it is filed under this Section. A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its

heading that it is filed under this Section *need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article.*" (Emphasis added.) 725 ILCS 5/122—1(d) (West 2006).

This statutory provision was added to the Post-Conviction Hearing Act by amendment in 1997 in order to undo the line of cases (see, *e.g.*, *People v. Sturgeon*, 272 Ill. App. 3d 48 (1995)) holding that a trial court was required to recharacterize a defendant's pleading as a post-conviction petition if that recharacterization could fairly be done based upon the contents of the pleading, even though the pleading made no reference to the Post-Conviction Hearing Act. See *People v. Holliday*, 369 Ill. App. 3d 678, 681 (2007). While the statutory provision does not prohibit a court from recharacterizing a petition, it removes any obligation on the part of the circuit court to even consider doing so.

In accordance with the statute, the supreme court has held that while a circuit court has the authority to recharacterize a petition for relief from judgment as a petition brought under the Post-Conviction Hearing Act, a circuit court is not required to even consider or evaluate the petition to determine whether it could have been brought under the Post-Conviction Hearing Act. *People v. Shellstrom*, 216 Ill. 2d 45, 53 n.1 (2005). The supreme court was quite explicit about this in *Shellstrom*, where it stated, "[I]f a *pro se* pleading alleges constitutional deprivations that are cognizable under the [Post-Conviction Hearing] Act, *** a trial court is under no obligation to treat the pleading as a postconviction petition." 216 Ill. 2d at 53 n.1.

We acknowledge that line of appellate court cases which holds that a circuit court's decision on whether to recharacterize a petition is reviewable under the abuse-of-discretion standard. See, *e.g.*, *People v. Smith*, 386 Ill. App. 3d 473 (2008) (and cases cited therein). However, even if we review for an abuse of discretion, it is clear from the statutory language and the supreme court's decision in *Shellstrom* that a circuit court's failure to recharacterize a petition would not constitute an abuse of discretion. Circuit courts have unfettered discretion to decline to consider even whether a petition could qualify as one filed pursuant to the Post-Conviction Hearing Act and unfettered discretion to refuse to so recharacterize a petition. To hold otherwise would effectively require every circuit court to evaluate petitions to determine whether they should be recharacterized as having been brought under the Post-Conviction Hearing Act, in direct contravention of the plain language of section 122—1(d) of that Act (725 ILCS 5/122—1(d) (West 2006)).

As we have stated, the defendant does not argue that the circuit court erred when it determined that he was not entitled to relief under

section 2—1401 of the Code of Civil Procedure. We will not review the merits of the defendant's claim regarding an inadequate factual basis for his guilty plea under the standards of the Post-Conviction Hearing Act where the circuit court did not do so. Accordingly, we affirm the circuit court's dismissal of the defendant's petition for relief from judgment under section 2—1401 of the Code of Civil Procedure.

In any event, the relief which the defendant seeks in his brief on appeal is not relief which we can grant. In his brief on appeal, the defendant argues that the factual basis presented at the guilty plea hearing does not support a felony conviction for criminal trespass to a residence with a person present but supports only a misdemeanor conviction. He asks this court to reduce his conviction from a felony offense to a misdemeanor offense:

> "Where a defendant pleads guilty upon an insufficient factual basis, he has a colorable defense to the charge[ ] and thus must be allowed to withdraw his plea of guilty and enter a plea of not guilty. [Citations.] However, in this case, it would be more appropriate to enter a conviction for the misdemeanor charge of simply criminal trespass to property, since it is a lesser-included charge of criminal trespass to property with a person present[ ] and all of the elements of the misdemeanor charge are established by the factual basis."

He does not ask to withdraw his guilty plea or to have that plea withdrawn.

We note that the defendant entered into a fully negotiated guilty plea with the State pursuant to which the State reduced the charged offense from a Class 2 felony to a Class 4 felony and dismissed an additional misdemeanor charge, while recommending an agreed-upon sentence. It has been held that a circuit court has no authority to enter a finding of guilty to a lesser offense to which the defendant has not entered a plea, even when that court determines that there is an insufficient factual basis for the defendant's guilty plea. *People v. Provenzano*, 265 Ill. App. 3d 33, 37 (1994). Furthermore, the review of fully negotiated guilty pleas such as the one at bar is governed to an extent by contract law principles. *People v. Evans*, 174 Ill. 2d 320, 326 (1996). To allow a defendant to unilaterally modify the terms of a plea agreement while holding the State to its part of the bargain flies in the face of contract law principles. *Evans*, 174 Ill. 2d at 327. It is also inconsistent with constitutional concerns of fundamental fairness. *Evans*, 174 Ill. 2d at 327. Consequently, a defendant may not seek to unilaterally reduce his conviction or sentence while holding the State to its part of the bargain. *Evans*, 174 Ill. 2d at 327. Yet that is precisely what the defendant seeks to do in the case at bar. A defendant may

only seek to modify the terms of a negotiated guilty plea by withdrawing that plea and returning the parties to the status quo *ante*, in this case allowing the State to recharge the defendant with burglary and the dismissed misdemeanor charge. The relief sought by the defendant in his brief on appeal cannot be granted by this court.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is hereby affirmed.

Affirmed.

JUSTICE SPOMER, specially concurring:

I agree with my colleague Justice Welch that the trial court's decision should be affirmed. However, I would use a different analytical framework to reach that conclusion.

I believe the plain language of section 122—1(d) of the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1(d) (West 2006)), and the cases interpreting it, dictates that once a trial judge determines that a pleading does not specify "in the petition or its heading that it is filed under" section 122—1(d) and that the pleading therefore has not properly invoked the Act, the judge may do one of three things. First, the judge may stop right there and rule on the pleading as filed, without evaluating whether the pleading states grounds for relief under the Act. 725 ILCS 5/122—1(d) (West 2006) ("A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this Section need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article"). By implication, when this approach is taken, the pleading will not be recharacterized as a petition under the Act.

Second, the judge may evaluate the pleading to see if it states grounds for relief under the Act and then decline to recharacterize it, either because it does not fit under the Act or for other reasons. Third, the judge may evaluate the pleading to see if it states grounds for relief under the Act and then recharacterize it, which of course triggers the admonishments the Illinois Supreme Court has held in *People v. Shellstrom*, 216 Ill. 2d 45, 57 (2005), must be given when a pleading is recharacterized as a postconviction petition.

In my opinion, under the plain language of the Act, quoted above, if the judge chooses the first course of action described above and declines to evaluate whether the pleading states grounds for relief under the Act (and by implication does not recharacterize it), that choice is nonreviewable. The discretion to do this appears to be, as my colleague Justice Welch states, "unfettered." 389 Ill. App. 3d at 591.

Although one might argue that the specter of the General Assembly creating a mechanism whereby a trial judge, rather than Illinois courts of review, becomes the final arbiter of the decision of whether to evaluate a pleading to determine if it states grounds for relief under the Act raises troubling constitutional questions, the Illinois Supreme Court seems to be have rejected those arguments, having held in *Shellstrom* that "while a trial court *may* treat a *pro se* pleading as a postconviction petition, there is no *requirement* that the court do so" (emphasis in original) and that "if a *pro se* pleading alleges constitutional deprivations that are cognizàble under the Act[ ] but, as in the case at bar, the pleading makes no mention of the Act, a trial court is under no obligation to treat the pleading as a postconviction petition." 216 Ill. 2d at 53 n.1.

However, I believe that if the judge chooses the second or third course of action described above, and actually evaluates the pleading to see if it states grounds for relief under the Act, then the decision reached following that evaluation, whether the decision is to recharacterize or not to recharacterize, is reviewable under an abuse-of-discretion standard, as my colleague Justice Stewart states. See, *e.g.*, *People v. Holliday*, 369 Ill. App. 3d 678, 682 (2007) ("[a] trial court's decision regarding recharacterization is addressed to its sound discretion and will be reviewed under an abuse-of-discretion standard"); *People v. Starks*, 365 Ill. App. 3d 592, 597 (2006) (applying an abuse-of-discretion standard to a review of the trial court's implied construction of defendant's "motion for a new trial" as a petition under the Act).

The key question becomes whether there is evidence in the record that the judge evaluated the pleading, as opposed to simply declined to evaluate it. Often the record will contain no such evidence. In the absence of proof that the judge conducted an evaluation, I would conclude that both the plain language of the Act and the cases interpreting it dictate that we cannot review the judge's action or inaction. See 725 ILCS 5/122—1(d) (West 2006) ("A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this Section need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article"); *People v. Shellstrom*, 216 Ill. 2d 45, 53 n.1 (2005) (there is no requirement that a trial court treat a *pro se* pleading as a postconviction petition). In the case at bar, no evidence has been presented that the judge engaged in an evaluation of whether the pleading stated grounds for relief under the Act. Accordingly, I would affirm the trial court on that basis. Although my colleague Justice Stewart speculates that this ap-

proach "would only lead to trial judges not making a record of their decisionmaking process" (389 Ill. App. 3d at 592), I have faith that our colleagues on the trial bench would continue to take their duties seriously enough not to engage in such subterfuge. Justice Stewart also contends, "[B]etter policy dictates that the implicit decision of a trial judge not to recharacterize a petition be equally subject to review" (389 Ill. App. 3d at 592). There are two problems with his position: first, it is the province of the General Assembly, not the appellate court, to craft public policy (see, e.g., *Reed v. Farmers Insurance Group*, 188 Ill. 2d 168, 175 (1999) (the General Assembly occupies a superior position to the judicial branch in determining public policy)), and as noted above, both the General Assembly and the Illinois Supreme Court have already weighed in on this issue; second, as Justice Welch points out, the position advocated by Justice Stewart would effectively require every trial judge to evaluate all pleadings received "to determine whether they should be recharacterized as having been brought under the [Act], in direct contravention of the plain language of section 122—1(d)." 389 Ill. App. 3d at 583.

Under a different set of circumstances, where it was clear from the record that the trial judge chose to evaluate a pleading to see if it stated grounds for relief under the Act, I would review the decision resulting from that evaluation under an abuse-of-discretion standard. For example, if a judge denied a petition for relief from judgment pursuant to section 2—1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2—1401 (West 2006)) because the petition did not state grounds for relief under 2—1401 and the judge stated that he or she also had evaluated the petition and concluded that it did not state grounds for relief under the Act, then, if the petition did in fact state grounds for relief under the Act, I would reverse as an abuse of discretion that judge's failure to recharacterize it.

Because I agree, for the foregoing reasons, that the trial court's decision in this case should be affirmed, I concur in the result reached by Justice Welch but write separately to explain how I came to that result.

JUSTICE STEWART, dissenting:

I respectfully dissent. In my view, the circuit court abused its discretion by failing to recharacterize the defendant's *pro se* petition as a postconviction petition. Accordingly, I would reverse the order of the circuit court dismissing the defendant's petition and remand this cause with directions that the court recharacterize the petition, appoint counsel, and otherwise proceed with this matter under the Post-Conviction Hearing Act.

Prior to the adoption of the Post-Conviction Hearing Act (the Act), an Illinois petitioner could attack his conviction by a writ of error, *habeas corpus*, and *coram nobis*. *People v. Slaughter*, 39 Ill. 2d 278, 284, 235 N.E.2d 566, 569 (1968); Ill. Rev. Stat. 1965, ch. 38, par. 122—1 *et seq.* (now 725 ILCS 5/122—1 *et seq.* (West 2006)). The United States Supreme Court was particularly troubled by the procedures available to obtain postconviction relief in Illinois. *Marino v. Ragen*, 332 U.S. 561, 92 L. Ed. 170, 68 S. Ct. 240 (1947). In a concurring opinion for three members of the Court, Justice Rutledge wrote:

"The trouble with Illinois is not that it offers no procedure. It is that it offers too many, and makes them so intricate and ineffective that in practical effect they amount to none. The possibility of securing effective determination on the merits is substantially foreclosed by the probability, indeed the all but mathematical certainty, that the case will go off on the procedural ruling that the wrong one of several possible remedies has been followed.

\* \* \*

\*\*\* If the federal guarantee of due process in a criminal trial is to have real significance in Illinois, it is imperative that men convicted in violation of their constitutional rights have an adequate opportunity to be heard in court. This opportunity is not adequate so long as they are required to ride the Illinois merry-go-round of *habeas corpus*, *coram nobis*, and writ of error before getting a hearing in a federal court." *Marino*, 332 U.S. at 565-70, 92 L. Ed. at 174-76, 68 S. Ct. at 243-45 (Rutledge, J., concurring, joined by Douglas and Murphy, JJ.).

More than 60 years later we are still expending substantial time and effort determining whether a prisoner has pursued the correct remedy, rather than simply determining his claim on its merits.

In response to the Supreme Court's criticism, the Illinois General Assembly enacted a statutory postconviction remedy that later became the Post-Conviction Hearing Act. *Slaughter*, 39 Ill. 2d at 284, 235 N.E.2d at 569; Ill. Rev. Stat. 1949, ch. 38, pars. 826-32. The Act provides a criminal defendant with a procedural mechanism allowing the court to examine constitutional issues involved in the original conviction that escaped earlier review. *People v. Blair*, 215 Ill. 2d 427, 447, 831 N.E.2d 604, 617 (2005). It "was designed to provide a means whereby a prisoner could easily assert his challenge." *People v. Joseph*, 113 Ill. 2d 36, 45, 495 N.E.2d 501, 505 (1986).

The Illinois Supreme Court, in *People ex rel. Palmer v. Twomey*, 53 Ill. 2d 479, 292 N.E.2d 379 (1973), held that because a lack of legal knowledge might cause a prisoner to draft an inadequate postconviction petition and might cause him to select the wrong method of attacking his conviction, the circuit court, consistent with the intent of

the Act, should recharacterize *pro se* petitions that allege rights cognizable under the Act, no matter how inartfully drafted or incorrectly labeled. *Palmer*, 53 Ill. 2d at 484, 292 N.E.2d at 382. In *People v. Johnson*, 352 Ill. App. 3d 442, 816 N.E.2d 636 (2004), the court interpreted section 122—1(d) of the Act in conjunction with prior court decisions and held, "As the supreme court held in *Palmer*, a trial court should treat a *pro se* petition, however labeled, as a postconviction petition when it raises constitutional issues cognizable under the Act." *Johnson*, 352 Ill. App. 3d at 446, 816 N.E.2d at 640. The rationale behind this is to benefit defendants who, due to their lack of legal skill, seek relief through a procedure that cannot grant relief. *People v. Anderson*, 352 Ill. App. 3d 934, 939, 817 N.E.2d 1000, 1004 (2004).

My colleague, Justice Welch, in his majority opinion, asserts that the decision of a circuit court is not reviewable under section 122—1(d) of the Act. "The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent." *People v. Ramirez*, 214 Ill. 2d 176, 179, 824 N.E.2d 232, 234 (2005). The statute's language, given its plain and ordinary meaning, is the best indicator of legislative intent. *Ramirez*, 214 Ill. 2d at 179, 824 N.E.2d at 234. If the statutory language is ambiguous regarding whether the legislature intended an obligation to be mandatory, the court looks to the purpose of the statute. *People v. Gray*, 363 Ill. App. 3d 897, 902, 845 N.E.2d 113, 117 (2006).

The Act provides as follows:

"A person seeking relief by filing a petition under this Section must specify in the petition or its heading that it is filed under this Section. A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this Section need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article." 725 ILCS 5/122—1(d) (West 2006).

In selecting the phrase "need not evaluate the petition," the legislature grants the trial court the option to recharacterize. Had the legislature chosen to preclude the trial court from recharacterizing petitions, it would have utilized words indicating a mandatory obligation such as "shall not." Additionally, this interpretation is consistent with the legislative intent. The Act created procedures and remedies not provided for by the common law, in an effort "to give a convicted defendant a last-ditch opportunity to change the outcome of his criminal case." *People v. McKenzie*, 323 Ill. App. 3d 592, 595, 752 N.E.2d 1256, 1260 (2001). Because a postconviction petition may be a

defendant's only remaining opportunity to pursue legitimate constitutional issues, the choice of the language "need not" enables the trial court to recharacterize a pleading to provide the defendant with this opportunity when, due to his lack of legal knowledge, he selected the wrong method to challenge his conviction.

The Act gives the trial court the power to recharacterize petitions; therefore, every decision whether or not to recharacterize a pleading involves the exercise of discretion. The court chooses to either let the pleading stand as labeled or recharacterize it as a postconviction petition. "Implicit in a trial court's *sua sponte* dismissal and failure to recharacterize a *pro se* petition is an exercise of its discretion, which is reviewable by this court." *People v. Smith*, 386 Ill. App. 3d 473, 477, 898 N.E.2d 119, 125 (2008), *appeal denied*, 231 Ill. 2d 650, 902 N.E.2d 1089 (2009).

"[A] trial court's decision regarding recharacterization is addressed to its sound discretion and will be reviewed under an abuse-of-discretion standard." *People v. Holliday*, 369 Ill. App. 3d 678, 682, 867 N.E.2d 1016, 1020 (2007). Courts of review have traditionally reserved the abuse-of-discretion standard for lower court decisions deserving great deference on review. *People v. Coleman*, 183 Ill. 2d 366, 387, 701 N.E.2d 1063, 1074 (1998). Aside from no review at all, the abuse-of-discretion standard is the most deferential standard of review. *Coleman*, 183 Ill. 2d at 387, 701 N.E.2d at 1074. A trial court abuses its discretion only when its decision is arbitrary, unreasonable, or fanciful or where no reasonable person would take the trial court's view. *People v. Anderson*, 367 Ill. App. 3d 653, 664, 856 N.E.2d 29, 38 (2006).

While the trial court may recharacterize a *pro se* pleading alleging the deprivation of a constitutional right cognizable under the Act as a postconviction petition, even when clearly labeled as another type of pleading, it does not have unlimited discretion to do so. *Smith*, 386 Ill. App. 3d at 477-78, 898 N.E.2d at 125. In making the decision, the trial court should consider whether the pleading was cognizable in the form in which the defendant filed it. *Smith*, 386 Ill. App. 3d at 478, 898 N.E.2d at 125; *People v. Keller*, 353 Ill. App. 3d 830, 832-33, 819 N.E.2d 1205, 1207-08 (2004) (the trial court erred in recharacterizing the defendant's pleading, as it conformed in substance to the requirements of a complaint for a declaratory judgment far better than it did for a postconviction petition).

Another critical aspect of the inquiry is the impact the recharacterization decision will have on the defendant's constitutional rights. In *Smith*, 386 Ill. App. 3d 473, 898 N.E.2d 119, this court found, "Because this *pro se* petition is the only posttrial motion filed by the

defendant and because the only logical construction that would preserve the court's jurisdiction over this petition was to recharacterize it as a postconviction petition, the trial court abused its discretion in failing to recharacterize it." *Smith*, 386 Ill. App. 3d at 479, 898 N.E.2d at 126; see also *People v. Starks*, 365 Ill. App. 3d 592, 597, 850 N.E.2d 206, 212 (2006) (the trial court did not abuse its discretion in recharacterizing the motion because the motion raised constitutional issues, it was made after sentencing, and "[t]he only logical construction that would preserve the trial court's jurisdiction of defendant's motion following sentencing was to treat the inappropriately captioned motion as a postconviction petition").

This evaluation promotes sensible and effective judicial administration. Dismissing a *pro se* pleading because it was filed erroneously under the wrong statute often only results in the defendant filing it again as a postconviction petition, thereby wasting judicial resources. When appropriate, recharacterizing a *pro se* pleading allows for the resolution of the issues in an efficient and economical manner.

Justice Welch asserts that trial courts have unfettered discretion to decline to consider whether a petition could qualify as one filed under the Act and unfettered discretion to refuse to recharacterize such a petition. After a careful review, I am unable to find any circumstance in which a trial court has unfettered discretion. Unbridled discretion is contrary to our system of legal justice, which provides for the review of lower court decisions to determine whether the lower court committed prejudicial error. *Harris Trust & Savings Bank v. Village of Barrington Hills*, 133 Ill. 2d 146, 156, 549 N.E.2d 578, 582 (1989). "As one court noted, 'It was observed by Lord Camden, many years ago, that unfettered discretion of a judge is "the law of tyrants." ' " *People v. Stoffel*, 389 Ill. App. 3d 238, 245 (2009), quoting *Cassidy v. Triebel*, 337 Ill. App. 117, 125, 85 N.E.2d 461, 465 (1948).

The absurdity of allowing the trial court unfettered discretion, no matter how capricious or arbitrary its decision may be, is demonstrated by the facts in *People v. Stoffel*, 389 Ill. App. 3d 238 (2009). In that case, the trial court failed to recharacterize the defendant's petition despite repeated requests by the defense counsel to do so and despite the court itself treating the petition as a postconviction petition during the initial hearings in the proceedings. *Stoffel*, 389 Ill. App. 3d 238. While this court found that the trial court abused its discretion, under the analysis of Justice Welch, the trial court's decision to ignore the defendant's requests to recharacterize his *pro se* petition erroneously filed under the wrong statute is not subject to review and could never constitute an abuse of discretion. This analysis conflicts with the purpose of the Act and forces a *pro se* defendant back onto a merry-

go-round of the type the Act was adopted to end, on the whim of a trial judge who might capriciously choose not to recharacterize his petition no matter how compelling the circumstances.

My colleague, Justice Spomer, in his special concurrence, asserts that in determining whether a failure to recharacterize a *pro se* petition is reviewable, the key question is whether there is evidence in the record that the judge evaluated the pleading to determine whether it should be recharacterized. He concludes that in the absence of proof that the judge conducted an evaluation, there can be no review of the judge's action or inaction. In other words, if the trial judge made a docket entry stating that he considered whether to recharacterize a petition, decided not to do so, and then dismissed the petition, his decision not to recharacterize the petition would be reviewable under an abuse-of-discretion standard. On the other hand, if the same judge considered whether to recharacterize *in his mind*, but did not record his thoughts, so that the docket entry simply stated, "petition dismissed," the judge's decision would not be reviewable. This analysis would only lead to trial judges not making a record of their decision-making process, a circumstance that could only lead to their decision on recharacterization being affirmed. Clearly, better policy dictates that the implicit decision of a trial judge not to recharacterize a petition be equally subject to review. Further, since most of these determinations are made before counsel is appointed and in the absence of argument, they are, by nature, *sua sponte* decisions.

I have great respect for my colleagues in this case, but I would review the failure of the trial court to *sua sponte* recharacterize the defendant's petition to determine whether that failure constitutes an abuse of discretion. In the instant case, the defendant was not entitled to relief under section 2—1401 of the Code of Civil Procedure, and he concedes that point in his brief before this court. Because of his lack of legal knowledge, he sought relief through a procedure that could not grant relief. The question is, Did the defendant allege rights cognizable under the Act?

At the first stage of postconviction hearings, the defendant need only present the gist of a constitutional claim. *People v. Newbolds*, 364 Ill. App. 3d 672, 678-79, 847 N.E.2d 614, 620-21 (2006). Because most petitions at this stage are drafted by petitioners with little legal knowledge or training, the threshold for the gist standard is low. *People v. Delton*, 227 Ill. 2d 247, 254, 882 N.E.2d 516, 519 (2008). The petitioner is only required to provide a limited amount of detail and need not make legal arguments or cite legal authority. *Delton*, 227 Ill. 2d at 254, 882 N.E.2d at 519-20.

Supreme Court Rule 402(c) states, "The court shall not enter final

judgment on a plea of guilty without first determining that there is a factual basis for the plea." 177 Ill. 2d R. 402(c). "The determination required by the rule is intended to protect those accused of crime by ensuring that they have not pleaded guilty by mistake or under a misapprehension, or been coerced or improperly advised to plead to crimes they did not commit." *People ex rel. Daley v. Suria*, 112 Ill. 2d 26, 32, 490 N.E.2d 1288, 1290 (1986).

In *People v. Miranda*, 329 Ill. App. 3d 837, 769 N.E.2d 1000 (2002), the defendant appealed from an order of the circuit court denying her petition for postconviction relief. *Miranda*, 329 Ill. App. 3d at 838-39, 769 N.E.2d at 1002. The defendant argued that her conviction for a violation of a bail bond should be reversed because the circuit court did not forfeit her bond, a necessary precondition to the offense charged. *Miranda*, 329 Ill. App. 3d at 839, 769 N.E.2d at 1002. The State asserted that the defendant waived the issue by pleading guilty. *Miranda*, 329 Ill. App. 3d at 843, 769 N.E.2d at 1006. The factual basis was established through the State's summary of testimony and evidence. *Miranda*, 329 Ill. App. 3d at 843-44, 769 N.E.2d at 1006. The court found that, contrary to the factual basis provided by the State, the trial judge specifically stated, " 'no bond forfeiture, warrant to issue.' " *Miranda*, 329 Ill. App. 3d at 844, 769 N.E.2d at 1007. The court held that the trial court improperly found there was a factual basis to support the guilty plea and that, without a factual basis, there could be no guilty plea. *Miranda*, 329 Ill. App. 3d at 844, 769 N.E.2d at 1007. The court stated that, while the general rule is that a voluntary plea of guilty waives all nonjurisdictional errors, including constitutional errors, waiver is a limitation on the parties and not the court. *Miranda*, 329 Ill. App. 3d at 844, 769 N.E.2d at 1007. The court thus declined to extend the rule where the factual basis to support a plea is absent from the record. *Miranda*, 329 Ill. App. 3d at 844, 769 N.E.2d at 1007. The court stated, "The constitutional error in this case is one of great magnitude, calling into question the integrity and fairness of our judicial system." *Miranda*, 329 Ill. App. 3d at 844, 769 N.E.2d at 1007. The court held that because an element of the charge was missing, the State could not indict and the defendant could not plead guilty to the charge. *Miranda*, 329 Ill. App. 3d at 845, 769 N.E.2d at 1008.

In the instant case, the State established the factual basis and, in doing so, stated that "Tramez Malone would state that he is the occupant of that residence." In his *pro se* petition, the defendant alleged that the residence in question was an unoccupied apartment which was undergoing repairs and was owned by Mark Weber. The defendant asserted that Tramez Malone did not live in the apartment in ques-

tion but resided in a different apartment in the building. Attached to his petition, the defendant included photos of the apartment that show an apartment devoid of any furniture, personal effects, or other signs of inhabitation. The record reveals that, at the preliminary hearing, Belleville police detective Karl Kraft testified that Tramez Malone, who lived in apartment No. 3, reported hearing noises coming from apartment No. 1. Detective Kraft further testified that the apartment that the defendant entered was the middle apartment, which was unoccupied because the building owner was rehabbing it.

The defendant pled guilty to criminal trespass to a residence under circumstances in which he had reason to know another person was present (720 ILCS 5/19—4(a)(2) (West 2006)). It is the presence of another person in the residence that makes a violation of the statute a felony rather than a misdemeanor. Section 19—4(a)(3) of the Criminal Code of 1961 provides as follows:

"For purposes of this Section, in the case of a multi[ ]unit residential building or complex, 'residence' shall only include the portion of the building or complex which is the actual dwelling place of any person and shall not include such places as common recreational areas or lobbies." 720 ILCS 5/19—4(a)(3) (West 2006).

A question exists whether the apartment into which the defendant trespassed was the actual dwelling of any person. Because the defendant asserted that his constitutional due process rights were violated due to an inaccurate factual basis, he stated the gist of a constitutional claim.

In *People v. Shellstrom*, 216 Ill. 2d 45, 833 N.E.2d 863 (2005), the supreme court examined the obstacles a defendant would face in filing successive postconviction petitions when a court *sua sponte* recharacterized his *pro se* pleading as a postconviction petition. *Shellstrom*, 216 Ill. 2d at 55-56, 833 N.E.2d at 869-70. To safeguard the defendant's rights, the supreme court held as follows:

"[W]hen a circuit court is recharacterizing as a first postconviction petition a pleading that a *pro se* litigant has labeled as a different action cognizable under Illinois law, the circuit court must (1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has." *Shellstrom*, 216 Ill. 2d at 57, 833 N.E.2d at 870.

For the foregoing reasons, I would reverse the judgment of the circuit court of St. Clair County and would remand the cause to the

circuit court with directions that the defendant, consistent with *Shell-strom*, be given the opportunity to withdraw his *pro se* pleading or, in the alternative, to amend it to include whatever postconviction claims he believes he has.