NOTICE

Decision filed 03/20/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-02-0526

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
) Circuit Court of
    Plaintiff-Appellee, ) Williamson County.
)
v. ) No. 98-CF-460
)
ANTHONY W. NEWBOLDS, ) Honorable
) John Speroni,
    Defendant-Appellant. ) Judge, presiding.
_____

JUSTICE WELCH delivered the opinion of the court:

Following a bench trial in the circuit court of Williamson County, the defendant, Anthony W. Newbolds, was convicted of home invasion and, on April 11, 2000, was sentenced to a term of imprisonment of 22 years. His conviction and sentence were affirmed by this court on direct appeal. *People v. Newbolds*, 325 Ill. App. 3d 192 (2001). The facts relating to the defendant's crime, conviction, and sentence are set forth therein, and we will not repeat them here. In that appeal, the defendant raised a single issue–the applicability of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), to the truth-in-sentencing law.

On May 31, 2002, the defendant, acting *pro se*, filed the first of two petitions pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2002)). The petition was 72 pages long and raised a myriad of issues. It was subsequently amended, *pro se*, adding an additional argument.

On July 1, 2002, the circuit court of Williamson County dismissed the petition as frivolous or patently without merit pursuant to section 122-2.1(a)(2) of the Act (725 ILCS

1

5/122-2.1(a)(2) (West 2002)). The circuit court specifically found that the defendant had not "met his burden of making a substantial showing" of a denial of his constitutional rights and that the issues raised in the petition either had been raised and decided in the defendant's direct appeal, and were therefore *res judicata*, or could have been raised in the direct appeal but were not, and were therefore waived. After the denial of his motion to reconsider the dismissal of his postconviction petition, the defendant filed a notice of appeal.

While the appeal from the dismissal of his first postconviction petition was pending, the defendant filed, on January 22, 2003, a second *pro se* postconviction petition asserting, among other things, that the dismissal of the first petition on waiver and *res judicata* grounds had been improper. This second petition was 152 pages long and, like the first petition, was verified.

On February 5, 2003, the circuit court of Williamson County dismissed the second postconviction petition as frivolous or patently without merit. The circuit court specifically found that the defendant had not "met his burden of making a substantial showing" of a deprivation of his constitutional rights. After the denial of his motion to reconsider, the defendant also appealed the dismissal of his second postconviction petition.

On this court's own motion, the two appeals were consolidated for review. In his brief on appeal, the defendant points out that the second postconviction petition raises no substantive claims independent of those contained in the first petition. Accordingly, the defendant states that on appeal he challenges only the dismissal of the first postconviction petition, urging that both bases for the circuit court's dismissal were erroneous.

On September 30, 2004, we reversed the circuit court's summary dismissal of the defendant's postconviction petition, holding that a summary dismissal on the grounds of *res judicata* and waiver was not appropriate at the first stage of postconviction proceedings because these grounds for a dismissal are affirmative defenses which, like the ground of

2

untimeliness, are properly left for the second stage of postconviction proceedings. *People v. Newbolds*, 352 Ill. App. 3d 678 (2004). We remanded the cause to the circuit court for further proceedings under the Act.

On June 3, 2005, the Illinois Supreme Court decided *People v. Blair*, 215 Ill. 2d 427 (2005), in which it held that section 122-2.1(a)(2) of the Act does allow a summary, first-stage dismissal of a postconviction petition on the grounds of *res judicata* and/or waiver. The supreme court concluded that, in enacting section 122-2.1(a)(2) of the Act, the legislature had intended that the phrase "frivolous or *** patently without merit" encompassed *res judicata* and waiver.

On September 29, 2005, pursuant to its supervisory authority, the Illinois Supreme Court directed us to vacate our previous judgment herein (*People v. Newbolds*, 352 Ill. App. 3d 678 (2004)) and to reconsider the case in light of the supreme court's decision in *People v. Blair*, 215 Ill. 2d 427 (2005). Accordingly, we vacated our previous judgment which held that the circuit court could not, at the first stage of postconviction proceedings, dismiss the defendant's postconviction petition on the grounds of *res judicata* and waiver. We must now examine the allegations of the defendant's petition to determine whether the circuit court's findings that the defendant's claims are barred by *res judicata* or waiver are correct.

Our review of the circuit court's dismissal of a postconviction petition pursuant to section 122-2.1(a)(2) of the Act is *de novo*. *People v. Edwards*, 197 Ill. 2d 239, 247 (2001). We are free to substitute our own judgment for that of the circuit court in order to formulate the legally correct answer. *Edwards*, 197 Ill. 2d at 247.

The purpose of a postconviction proceeding is to permit an inquiry into constitutional issues involved in the original conviction and sentence that were not, and could not have been, adjudicated previously on direct appeal. *People v. Harris*, 206 Ill. 2d 1, 12 (2002). Accordingly, in an initial postconviction proceeding, the common law doctrines of *res*

3

*judicata* and waiver operate to bar the raising of claims that were or could have been adjudicated on direct appeal. *Blair*, 215 Ill. 2d at 443. The doctrine of *res judicata* bars the consideration of issues that were previously raised and decided on direct appeal. *Blair*, 215 Ill. 2d at 443. The doctrine of waiver or forfeiture bars claims that could have been raised on direct appeal but were not. *Blair*, 215 Ill. 2d at 443-44. Exceptions to these doctrines may allow otherwise-barred claims to proceed where fundamental fairness so requires, where the alleged forfeiture stems from the incompetence of appellate counsel, or where the facts relating to the claim do not appear on the face of the original appellate record. *Blair*, 215 Ill. 2d at 450-51. With respect to this third exception to the waiver rule, it is not so much that the claim could not have been presented or raised by a party on direct appeal, but that such a claim could not have been considered by the reviewing court because the claim's evidentiary basis was *de hors* the record and a reviewing court may not consider matters not of record. *People v. Whitehead*, 169 Ill. 2d 355, 372 (1996). The exception saves such claims irrespective of whether their supporting facts are available as a practical matter at the time of the direct appeal; if they are not a part of the trial record, they may not be considered by the reviewing court on a direct appeal. *Whitehead*, 169 Ill. 2d at 372.

The defendant challenges the dismissal of only five of the claims contained in his postconviction petition: that he was deprived of a fair trial when he was forced to wear a 50,000-volt electric stun belt at the trial and that trial counsel was ineffective for failing to object to the use of the device, that his 22-year prison sentence was unconstitutionally disproportionate to the 2-year terms received by his codefendants, that the trial court failed to make an inquiry into allegations of trial counsel's ineffectiveness, that trial counsel was ineffective in failing to pursue allegations of improper communication between the prosecutor and a detective during the detective's testimony at the hearing on the motion to quash his arrest, and that his appellate counsel was ineffective for failing to raise any and all

of these claims on direct appeal.

Initially, we note that none of the claims raised by the defendant in his postconviction petition were raised on direct appeal. Accordingly, they have not been ruled upon and are not *res judicata*. To the extent the trial court found that the claims were barred by *res judicata*, the trial court erred. The question then is whether the claims were waived, or forfeited, by the defendant's failure to raise them on direct appeal.[1] The defendant argues that the claims were not forfeited by his failure to raise them on direct appeal, because they rely on facts outside the record for proof and therefore could not have been raised on direct appeal and/or because the failure to raise them on direct appeal is attributable to appellate counsel's ineffectiveness.

With respect to the first claim–that he was deprived of a fair trial when he was forced to wear a stun belt during the trial and that his trial counsel was ineffective in failing to object–we note that while it is clear from the record on appeal that the trial court *permitted* the sheriff's department to force the defendant to wear a stun belt during the defendant's

---

[1] Although we have traditionally referred to the defendant's failure to raise an issue on direct appeal as a "waiver" of that issue, the supreme court made it clear in *Blair*, 215 Ill. 2d at 443-44, that it prefers the term "forfeiture." Accordingly, we will refer to claims that are barred because they could have been raised on direct appeal, but were not, as having been forfeited.

bench trial, it is not clear from the record whether the defendant actually did wear a stun belt. The record on appeal reflects only that the trial court ruled that it was up to the sheriff's department to determine whether and how best to restrain the defendant, but it does not reflect what the sheriff's department actually did. Accordingly, any direct appeal of the trial court's ruling allowing the use of the stun belt would have been met with the argument that the defendant could not demonstrate prejudice because the record did not show that he actually *did* wear a stun belt. The defendant could only have been prejudiced by the trial court's ruling if he had, in fact, been forced to wear a stun belt. Because the record is not sufficient to establish this fact, the claim could not have been raised on direct appeal. Accordingly, this claim was not forfeited by the defendant's failure to raise it on direct appeal.

Furthermore, the defendant alleges alternatively that his failure to raise this claim on direct appeal was due to his appellate counsel's ineffectiveness. A defendant is guaranteed the effective assistance of counsel on appeal. *People v. Coleman*, 168 Ill. 2d 509, 522 (1995). Accordingly, the doctrine of forfeiture does not bar the consideration of an issue where the forfeiture stems from the incompetency of counsel on appeal. *Coleman*, 168 Ill. 2d at 522-23. The trial court erred in summarily dismissing this claim as frivolous or patently without merit on the ground that it had been forfeited.

With respect to the disparate-sentencing claim, we do not agree with the defendant that this claim relied on matters outside the record and therefore could not have been raised on direct appeal. The record on appeal contains sufficient facts regarding the sentences received by the defendant's codefendants on which to base a disparate-sentencing argument on direct appeal. The record contains docket entries indicating that the codefendants had entered guilty pleas to reduced charges of aggravated battery in exchange for their testimony against the defendant and four-year sentence caps and that they had each received a two-year

6

prison sentence. Accordingly, the exception to the forfeiture doctrine for matters based on facts outside the record does not apply to this claim. Nevertheless, the defendant also alleges that the failure to raise this alleged error on direct appeal was due to his appellate counsel's ineffectiveness. Accordingly, the doctrine of forfeiture does not bar the consideration of this claim. *Coleman*, 168 Ill. 2d at 522-23. The circuit court erred in summarily dismissing this claim as frivolous or patently without merit on the ground that it had been forfeited.

Similarly, the defendant's third claim–that the trial court erred in not adequately addressing the defendant's posttrial claims of the ineffective assistance of trial counsel–is not based on matters outside the record and could have been raised on direct appeal. The defendant concedes this point in his brief on appeal. However, again the defendant argues that the failure to raise this alleged error on direct appeal was a result of his appellate counsel's ineffectiveness. Accordingly, this claim is not barred by the doctrine of forfeiture, and the circuit court erred in summarily dismissing this claim as frivolous or patently without merit on the ground that it had been forfeited.

The defendant's fourth claim–that his trial counsel was ineffective in failing to pursue allegations of improper communication, through facial gestures and head shaking, between the prosecutor and a detective during the detective's testimony at the hearing on the motion to quash arrest–is based on matters outside the record and could not have been raised on direct appeal. This claim was supported by the affidavits of Barbara Owens, who stated that she had witnessed the improper facial gestures and told the defendant's trial counsel about it. Because this claim relies for its proof on facts that are outside the record on appeal, it could not have been raised on direct appeal. Furthermore, the defendant argues alternatively that the failure to raise this claim on direct appeal was due to his appellate counsel's ineffectiveness. Accordingly, this claim was not forfeited by the defendant's failure to raise it on direct appeal.

7

Because none of the defendant's postconviction petition claims are either *res judicata* or forfeited for the failure to raise them on direct appeal, the circuit court erred in dismissing the postconviction petition as frivolous or patently without merit on the grounds of *res judicata* and forfeiture. Accordingly, we reverse the dismissal of the defendant's postconviction petition on these grounds.

The circuit court also dismissed the defendant's postconviction claims as frivolous or patently without merit because it found that the defendant had not "met his burden of making a substantial showing" of a denial of his constitutional rights. A postconviction petition is considered frivolous or patently without merit only if the allegations of the petition, taken as true and liberally construed, fail to present the "gist of a constitutional claim." *Edwards*, 197 Ill. 2d at 244. The "gist" standard is a low threshold, and to set forth the "gist" of a constitutional claim, the postconviction petition need only present a limited amount of detail and need not set forth the claim in its entirety. *Edwards*, 197 Ill. 2d at 244. Further, the petition need not include legal arguments or citations to legal authority. *Edwards*, 197 Ill. 2d at 244. Accordingly, at this first stage of proceedings, the defendant need not make a "substantial showing" of a constitutional violation but need only present the "gist" of a constitutional claim, without legal argument or citation to legal authority. *Edwards*, 197 Ill. 2d at 246-47. If the defendant passes this initial hurdle of presenting the "gist" of a constitutional violation, he is entitled to the appointment of counsel, who can amend the petition to meet the higher hurdle of making a "substantial showing" of a constitutional violation. 725 ILCS 5/122-4 (West 2002).

In *Edwards*, 197 Ill. 2d at 246-47, the supreme court made it clear that, at the first stage of postconviction proceedings, the petition need only present the "gist" of a constitutional claim in order to proceed to the second stage of proceedings, at which the State is required to answer or move for a dismissal. 725 ILCS 5/122-5 (West 2002). At the second

stage, the court must determine whether the petition and any accompanying documentation make a "substantial showing of a constitutional violation." *Edwards*, 197 Ill. 2d at 246. If no such showing is made, the petition is dismissed; if the requisite showing is made, the petition is set for an evidentiary hearing. *Edwards*, 197 Ill. 2d at 246. The supreme court made it clear that at the first stage of proceedings it is "inappropriate" to consider whether a "substantial showing of a constitutional violation" has been made. At this first stage, the circuit court may only consider whether the petition states the "gist of a constitutional claim." See also *People v. Coleman*, 183 Ill. 2d 366, 380-81 (1998).

Because in the instant case the circuit court appears to have employed the inappropriate standard of a "substantial showing of a constitutional violation," rather than the lighter burden of presenting a "gist of a constitutional violation," we reverse the dismissal of the defendant's postconviction petition on this ground.

For the foregoing reasons, we reverse the decision of the circuit court of Williamson County that summarily dismissed the defendant's postconviction petition. We remand this cause to the circuit court for further proceedings in accordance with sections 122-4 through 122-6 of the Act (725 ILCS 5/122-4 through 122-6 (West 2004)). See *People v. Rutkowski*, 225 Ill. App. 3d 1065, 1068 (1992).

Judgment reversed; cause remanded.

CHAPMAN and DONOVAN, JJ., concur.

9

NO. 5-02-0526

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) Williamson County. |
| | ) |
| v. | ) No. 98-CF-460 |
| | ) |
| ANTHONY W. NEWBOLDS, | ) Honorable |
| | ) John Speroni, |
| Defendant-Appellant. | ) Judge, presiding. |

_____

**Opinion Filed**:  March 20, 2006

_____

**Justices**:  Honorable Thomas M. Welch, J.

Honorable Melissa A. Chapman, J., and
Honorable James K. Donovan, J.,
Concur

_____

**Attorneys**  Daniel D. Yuhas, Deputy Defender, Jacqueline L. Bullard, Assistant Appellate
**for**  Defender, Office of the State Appellate Defender, Fourth Judicial District, 400 West
**Appellant**  Monroe Street, Suite 303, P.O. Box 5240, Springfield, IL 62705-5240

_____

**Attorneys**  Hon. Charles Garnati, State's Attorney, Williamson County Courthouse, Marion, IL
**for**  62959; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Kevin D.
**Appellee**  Sweeney, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730
E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864

_____