**FIRST DIVISION**
August 9, 2010

No. 1-08-3498

THE PEOPLE OF THE STATE OF ILLINOIS,　　)　　Appeal from the
　　　　　　　　　　　　　　　　　　　　　　　　　)　　Circuit Court of
　　　　　　Plaintiff-Appellee,　　　　　　　)　　Cook County.
　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　　　　　　　)　　Nos. 04 CR 27095
　　　　　　　　　　　　　　　　　　　　　　　　　)　　　　　05 CR 17363
　　　　　　　　　　　　　　　　　　　　　　　　　)
DARNELL DAVIS,　　　　　　　　　　　　　　　　)　　The Honorable
　　　　　　　　　　　　　　　　　　　　　　　　　)　　James B. Linn,
　　　　　　Defendant-Appellant.　　　　　　　)　　Judge Presiding.

JUSTICE GARCIA delivered the opinion of the court.

The defendant, Darnell Davis, filed a pro se petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 2008)), contending the trial judge failed to follow the rule established by the Illinois Supreme Court in People v. Whitfield, 217 Ill. 2d 177, 840 N.E.2d 658 (2005). In his postconviction petition, the defendant alleged the trial court failed to inform him at the time he was sentenced on his negotiated guilty plea that he would serve a three-year term of mandatory supervised release (MSR) following the 16-year sentence he accepted and, thus, breached the terms of his plea agreement and violated his constitutional right to due process. In his first-stage review of the postconviction petition, the trial judge recalled he informed the defendant of the MSR term and summarily dismissed the petition. The defendant argues that on

No. 1-08-3498

the record before us he has demonstrated that his sentence should be reduced by the MSR term. The transcript reveals that the trial judge informed the defendant that "[he] would have to serve at least three years mandatory supervised release, which is like parole," before he entered his guilty plea. This admonishment is indistinguishable from the admonishment found sufficient by this court in People v. Marshall, 381 Ill. App. 3d 724, 886 N.E.2d 1106 (2008). Accordingly, we find the defendant's postconviction theory of relief has no arguable basis in law or fact, and affirm.

BACKGROUND

On February 24, 2006, the defendant appeared before the trial judge on two cases: No. 04 CR 27095 and No. 05 CR 17363. The '04 case was on the call for a sentencing hearing following a bench trial guilty verdict on September 15, 2005, to the charge of aggravated battery; the '05 case came to be heard on a negotiated guilty plea hearing. Because the defendant was on pretrial release on the '04 case when he was arrested on the '05 case, he faced mandatory consecutive sentences. 730 ILCS 5/5-8-4(8) (West 2006). The guilty plea hearing on the '05 case was heard first, followed by the imposition of sentences on each case.

The '05 case involved a multicount indictment charging the defendant with two counts of attempted first-degree murder, two counts of aggravated battery with a firearm, one count of

2

No. 1-08-3498

aggravated unlawful use of a weapon, one count of unlawful use of a weapon by a felon, two counts of aggravated battery and one count of felony unlawful use of a weapon. The indictment stemmed from a street altercation following a party in which the defendant pulled a short shotgun from his pants, that he fired twice at two individuals, seriously injuring one. The parties stipulated that the defendant would be positively identified as the shooter by six individuals, including the seriously injured victim. Prior to the guilty plea hearing, the State had agreed to proceed on a single count of aggravated battery with a firearm, count III of the indictment. In exchange for his plea of guilty, the defendant would be sentenced on the Class X felony to a prison term of 16 years. At the guilty plea hearing, the following exchange occurred.

> "THE COURT: Sir, as to this offense of aggravated battery with a firearm, a Class X felony, as to Count 3, do you understand if you plead guilty to this, I have to sentence you to the penitentiary between 6 and 30 years. You could be fined up to $25,000. <u>You would have to serve at least three years mandatory supervised release, which is like parole</u>. And furthermore, the sentence would have to be served at least 85 percent of the sentence and it would run consecutive to any

3

> jail term you receive on the other case,
> where you were already found guilty.  Do you
> understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Your lawyer says you want to
> plead guilty.  Is that correct?
>
> THE DEFENDANT: Yes, sir." (Emphasis
> added.)

The trial judge proceeded to admonish the defendant pursuant to Supreme Court Rule 605(c), following which defense counsel stipulated to the State's proffer of a factual basis for a finding of guilty.  210 Ill. 2d R. 605(c).  The trial judge found the factual basis supported a plea of guilty, accepted the defendant's plea of guilty, and entered judgment on the finding. A hearing on aggravation and mitigation regarding both cases was then conducted.  At its conclusion, the trial judge imposed the sentences: "I will sentence the defendant as I promised him I would.  As to the aggravated battery case, it did go to trial[,] [t]wo years in the penitentiary.  That will run consecutive to 16 years in the penitentiary on the '05 case."

The defendant was assessed certain costs and given credit for time in custody.  The trial judge made no mention of the MSR term in either case after imposing the sentences.  The defendant was advised of the steps he would have to take to appeal from his guilty plea.  When asked if he had any questions, the defendant

4

stated his desire to appeal from the guilty verdict, which the trial judge replied was his absolute right. The State nol-prossed the remaining counts of the 05 CR 17363 indictment. No timely motion to vacate the guilty plea was filed.

Regarding his bench trial, the defendant was convicted of two counts of aggravated battery of a police officer. The defendant appealed, contending his convictions, which arose from the same physical act--spitting in a police officer's face--violated the one-act, one-crime rule. The State agreed and, in a summary order, we affirmed the judgment, but vacated one of his convictions. People v. Davis, No. 1-06-0639 (2008) (unpublished order under Supreme Court Rule 23). Because certain proceedings in the two cases occurred simultaneously, the records in the two cases were combined on the instant appeal. The combined record reveals that prior to the defendant's bench trial on July 26, 2005, the trial court informed the defendant of the possible consequences flowing from a conviction. "If you go to the penitentiary, you have to serve one year of mandatory supervised released, which is like parole."

On October 20, 2008, the defendant filed a pro se postconviction petition alleging he was deprived of due process because the trial court violated the Whitfield rule regarding the sentence on his negotiated plea. The trial court found the defendant's petition frivolous.

"[The defendant is] talking about he

5

> didn't get admonished about his mandatory
> supervised release. I believe he did. He
> doesn't show a transcript of the plea
> proceedings. I find his pro se petition
> without merit. Accordingly, dismissed
> without merit."

The defendant timely appeals.

## ANALYSIS

The Illinois Post-Conviction Hearing Act provides a process by which a defendant can challenge his conviction if it results in a substantial denial of his rights under the United States or Illinois Constitution. People v. Coleman, 183 Ill. 2d 366, 378-79, 701 N.E.2d 1063 (1998); 725 ILCS 5/122-2.1 (West 2008). Under the Act, the trial court is directed to summarily dismiss a petition at the first stage if the court determines "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2008). Explaining this standard, our supreme court held that "a pro se petition seeking postconviction relief under the Act for a denial of constitutional rights may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." People v. Hodges, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204 (2009). Such a petition may be one "based on an indisputably meritless legal theory or a fanciful factual allegation." Hodges, 234 Ill. 2d at 16. In assessing the merits of the postconviction petition

at this stage, the court is to "take all well-pleaded facts in the petition and affidavits as true." Coleman, 183 Ill. 2d at 378. We review a trial court's first-stage summary dismissal of a postconviction petition de novo, which means we "are free to substitute our own judgment for that of the circuit court in order to formulate the legally correct answer." People v. Newbolds, 364 Ill. App. 3d 672, 675, 847 N.E.2d 614 (2006).

In his main brief, the defendant contends he is entitled to a reduction in his sentence because the trial court failed to adequately inform him that he must serve an MSR term when he was sentenced to prison. The defendant argues the trial court failed to meet the requirements of Supreme Court Rule 402 (177 Ill. 2d R. 402(a)) and Whitfield because, though the court mentioned the three-year MSR term when it admonished the defendant on the possible range of sentences the defendant could receive, it failed to admonish the defendant that he would "in fact" serve a three-year term of MSR following his sentence of 16 years in the penitentiary.

Before accepting a guilty plea, the trial court must substantially comply with Rule 402. A trial court fails to substantially comply with Rule 402 and violates the defendant's due process rights "when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a mandatory supervised release term will be added to that sentence."

7

No. 1-08-3498

<u>Whitfield</u>, 217 Ill. 2d at 195.

As the defendant argues in his brief, "In its <u>Whitfield</u> decision, the Supreme Court recognized that a circuit court's failure to admonish on MSR presents two 'closely related, constitutional challenges,' to wit: (1) that the plea of guilty was not [intelligently entered] with full knowledge of the consequences, and (2) that the defendant did not receive the benefit of the bargain with the State when he pled guilty." Each challenge focuses on matters that must occur <u>prior</u> to the circuit court's acceptance of the defendant's plea of guilty. "[Due process is violated when] the [circuit] court fails to advise the defendant, <u>prior</u> to accepting his plea [of guilty], that a mandatory supervised release term will be added to that sentence." (Emphasis added.) <u>Whitfield</u>, 217 Ill. 2d at 195.

Here, the circuit court duly advised the defendant of the MSR term prior to the defendant's plea of guilty:

"Sir, as to this offense of aggravated battery with a firearm, a Class X felony, as to Count 3, do you understand if you plead guilty to this, I have to sentence you to the penitentiary between 6 and 30 years. You could be fined up to $25,000. You would have to serve at least <u>three years mandatory supervised release</u>, which is like parole."

8

(Emphasis added.)

The circuit court also made clear by its choice of language that the three-year given supervised release period was mandatory. The defendant was admonished that upon pleading guilty, he could be fined up to $25,000; the defendant was told that upon being sentenced to between 6 and 30 years on the class X felony, he would be required to serve the three-year MSR term. We also note the trial judge was apprised of the proposed plea agreement before the start of the hearing, as the transcript conveys an understanding that the defendant would plead guilty to count III of the indictment and be sentenced to 16 years in the penitentiary. The clear inference from the guilty plea hearing transcript is that the MSR admonishment came after the agreement of 16 years had been reached between the defendant and the State, which reinforces, " 'in a practical and realistic sense,' " that the defendant had full knowledge of the consequences of his plea of guilty when he was told he would have to serve an MSR term of three years if he pled guilty and was sentenced to the penitentiary. People v. Morris, 236 Ill. 2d 345, 366, 925 N.E.2d 1069 (2010), quoting People v. Williams, 97 Ill. 2d 252, 269, 454 N.E.2d 220 (1983).

The narrow question of law before us is whether this admonishment by the trial judge falls within our reading of the Whitfield rule that we made in Marshall. "[In Whitfield,] the court never mentioned a 3-year mandatory supervised release

No. 1-08-3498

requirement to the defendant who pled guilty in exchange for a 25-year sentence.  Whitfield, 217 Ill. 2d at 186.  Here, the three-year term was mentioned to defendant and he said he understood."  Marshall, 381 Ill. App. 3d at 735.

In other words, under Whitfield, a constitutional violation occurs only when there is absolutely no mention to a defendant, before he actually pleads guilty, that he must serve an MSR term in addition to the agreed-upon sentence that he will receive in exchange for his plea of guilty.  If, prior to the guilty plea admonishments, the defendant knows he will be sentenced to the penitentiary in exchange for his plea of guilty, and knowing this, he is told during the guilty plea hearing that he must serve an MSR term upon being sentenced to the penitentiary, then the defendant is placed on notice that his debt to society for the crime he admits to having committed extends beyond fulfilling his sentence to the penitentiary.

In Marshall, the trial judge admonished the defendant before he pled guilty that he " 'could get a penitentiary sentence and have to serve a period of three years['] mandatory supervised release, which is like parole, when you get out of the penitentiary.' "  Marshall, 381 Ill. App. 3d at 727.  We held that this admonishment satisfied the constitutional standard that the defendant have full knowledge of the consequences prior to entering his plea of guilty.  In line with Marshall, we note that a defendant who negotiates to receive a specific sentence upon

10

No. 1-08-3498

his plea of guilty before the guilty plea hearing is conducted, receives the full bargain made with the prosecution upon receiving that sentence, as the prosecution can only bargain on the sentence to be imposed. The prosecution has no say on whether a defendant must serve the corresponding MSR term as the term is automatically imposed by law in accordance with the classification of the felony to which the defendant has pled guilty.

The defendant here, recognizing that we would look to Marshall to assess the merits of the appeal before us, argues in his main brief that Marshall and the cases upon which the Marshall court relied "were wrongly decided under Whitfield and should not be followed." We disagree. Unlike the defendant, we are persuaded by Marshall. We find the instant case falls within the four corners of the Marshall decision. "Here, although the judge did not mention mandatory supervised release at sentencing or in the written sentencing judgment, he did advise defendant of the requirement before accepting his plea. This met the statutory requirement." Marshall, 381 Ill. App. 3d at 736.

We acknowledge, however, the conflicting authority the defendant cites from the Fifth District: People v. Company, 376 Ill. App. 3d 846, 876 N.E.2d 1055 (2007), and People v. Smith, 386 Ill. App. 3d 473, 898 N.E.2d 1055 (2008). Based on a footnote in his main brief in the course of citing the Fifth District cases, it appears the defendant sought to cast doubt on

11

No. 1-08-3498

the viability of Marshall and the cases it cites, by noting that the supreme court granted leave to appeal in People v. Holborow, 382 Ill. App. 3d 852, 892 N.E.2d 1 (2008), appeal allowed, 229 Ill. 2d 680, 900 N.E.2d 1122 (2008), on the issue of whether "the sole mention of MSR at the guilty plea hearing" satisfies the rule in Whitfield. The granting of leave to appeal, however, does not necessarily call into question a decision, especially one well-reasoned. People v. Harris, 123 Ill. 2d 113, 129, 526 N.E.2d 335 (1988) ("[T]he precedential effect of an appellate court opinion is not weakened by the fact that a petition for leave to appeal has been granted and is pending in that case").

The supreme court ruled on the Holborow case in People v. Morris, 236 Ill. 2d 345, 925 N.E.2d 1069 (2010), which the defendant discusses in his reply brief. The Morris case, however, does not resolve the issue before us as the supreme court concluded that the new rule announced in Whitfield did not extend to the defendant Holborow as his conviction was final before the Whitfield decision was issued. Morris, 236 Ill. 2d at 366 ("Defendants Morris and Holborow are therefore not entitled to prospective application of Whitfield"). The supreme court also cited with approval the Marshall decision. Morris, 236 Ill. 2d at 367. Until the supreme court tells us differently, we believe Marshall settles the issue of whether the Whitfield rule extends to the "sole mention" of the MSR term in the circuit court's preplea admonishments in the First District.

12

No. 1-08-3498

Though we affirm, we repeat the succinct words of Presiding Justice Cahill in Marshall, which the supreme court quoted in Morris: " 'The better practice would incorporate the mandatory supervised release admonition when the specific sentencing is announced.  The written sentencing judgment should also include the term of mandatory supervised release.' "  Morris, 236 Ill. 2d at 367, quoting Marshall, 381 Ill. App. 3d at 736.

CONCLUSION

The circuit court properly dismissed in the first-stage proceeding the defendant's postconviction petition alleging that the trial court violated his due process rights when it failed to inform him that he would be required to serve a three-year term of mandatory supervised release following his negotiated guilty plea to a Class X felony.  The defendant's postconviction claim is positively rebutted by the record.

Affirmed.

HALL, P.J., and PATTI, J., concur.

13

**REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT**

---

**PEOPLE OF THE STATE OF ILLINOIS**
     **Plaintiff-Appellee,**

**v.**

**DARNELL DAVIS,**
     **Defendant-Appellant.**

---

**No. 1-08-3498**

**Appellate Court of Illinois**
**First District, First Division**

**Filed: August 9, 2010**

---

**JUSTICE GARCIA delivered the opinion of the court.**

**HALL, P. J., and PATTI, J., concur.**

---

**Appeal from the Circuit Court of Cook County**
**Honorable James B. Linn, Judge Presiding**

---

| | |
|---|---|
| **For PLAINTIFF-APPELLEE** | **Anita Alvarez, State's Attorney, County of Cook**<br>**Alan J. Spellberg**<br>**Tasha-Marie Kelly**<br>**Jacqueline James**<br>**Assistant State's Attorneys**<br>**Richard J. Daley Center, Room 309**<br>**Chicago, IL 60602** |
| **For DEFENDANT-APPELLANT** | **Michael J. Pelletier, State Appellate Defender**<br>**Patricia Unsinn, Deputy Defender**<br>**Manuel S. Serritos**<br>**Assistant Appellate Defender**<br>**Office of the State Appellate Defender**<br>**203 N. LaSalle Street, 24th Floor**<br>**Chicago, IL 60601** |