# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Hunter*, 2011 IL App (1st) 093023

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. STANLEY HUNTER, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-09-3023 |
| Filed | August 31, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly dismissed defendant's postconviction petition alleging that when he entered his guilty plea to aggravated discharge of a firearm, the trial court failed to properly admonish him that his prison term would be followed by a term of mandatory supervised release, since the record showed that defendant was properly notified prior to his plea that he would be sentenced to two years of MSR. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-CR-22521; the Hon. Kenneth J. Wadas, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Patrick F. Cassidy, all of State Appellate Defender's Office, of Chicago, for appellant. |
| | |
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Carol L. Gaines, and Heather Fahrenkrog, Assistant State's Attorneys, of counsel), for the People. |
| | |
| Panel | PRESIDING JUSTICE QUINN delivered the judgment of the court, with opinion. |
| | Justices Murphy and Neville concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Stanley Hunter, filed a *pro se* petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2008)), contending that when he entered a negotiated plea of guilty to aggravated discharge of a firearm in exchange for a sentence of 6½ years' incarceration, the trial judge failed to adequately inform him that he would be required to serve a two-year term of mandatory supervised release (MSR) in addition to his prison sentence. Defendant also argued that the Illinois Department of Corrections (IDOC) increased his sentence by adding a term of MSR, in violation of the separation of powers clause of the Illinois Constitution. Ill. Const. 1970, art. II, § 1. Therefore, defendant contended that he was deprived of the benefit of his plea agreement and his right to due process. The trial judge dismissed defendant's petition, noting that he had informed the defendant of the MSR term and that defendant acknowledged his understanding of the MSR requirement. For the reasons set forth below, we affirm that dismissal.

¶ 2                                    BACKGROUND

¶ 3    Pursuant to a negotiated plea agreement, defendant was convicted of aggravated discharge of a firearm (720 ILS 5/24-1.2 (West 2008)) and sentenced to 6½ years' incarceration. The State's evidence demonstrated that on September 8, 2006, at approximately 5:30 p.m. defendant was in Franklin Park at 4312 West 15th Street in Chicago, Illinois. Defendant got into an argument with another man, pulled out a gun, and fired two shots. An 11-year-old boy who had been playing on a swing nearby was injured when one of the bullets ricocheted and struck him in the back of the head. Defendant was subsequently arrested and charged by indictment with numerous offenses and opted to plead guilty to aggravated discharge of a firearm rather than proceed to trial.

¶ 4    At the plea hearing, the State informed the judge that defendant had been offered a sentence of 6½ years on the charge of aggravated discharge of a firearm. The judge advised defendant that this was a Class 1 felony and asked him if he understood that he "could be

sentenced for a fixed period of time between four years minimum to 15 years maximum." Defendant responded, "Yes, your Honor." The judge then asked defendant if he understood that "Any period of incarceration would be followed by a period of mandatory supervised release of two years following your discharge from the Department of Corrections." Defendant again responded, "Yes, your Honor." The judge also asked defendant if he understood that "[t]he maximum fine could be $25,000. And if a person was to receive probation, the maximum period of probation could be four years." Defendant said that he understood. Lastly, the judge asked defendant, "Knowing the nature of the charges and the possible penalties, do you want to plead guilty to this case at this time." Defendant responded, "yes."

¶ 5    The judge confirmed that defendant was aware of the rights he would be giving up by entering a guilty plea and asked defendant, "[o]ther than the promise that your sentence would be six and a half years in the Illinois Department of Corrections, have there been any other promises made to you to get you to plead guilty other than that?" Defendant said no. The court then entered judgment on defendant's guilty plea to aggravated discharge of a firearm. Defendant waived his right to a presentence investigation and the court sentenced him, stating, "Your sentence will be six years plus six months in the Illinois Department of Corrections, credit for 311 days, time considered served, time actually served." The trial judge made no mention of the MSR term after imposing the sentence.

¶ 6    Defendant did not file a motion to withdraw his guilty plea or appeal his conviction, but on August 5, 2009, defendant did file a *pro se* petition for postconviction relief. In his petition, defendant asserted that the trial court failed to properly admonish him that his prison sentence would be followed by a two-year term of MSR. Defendant requested that the trial court reduce his prison term in accordance with the holding of *People v. Whitfield*, 217 Ill. 2d 177 (2005). On September 25, 2009, the trial court dismissed defendant's *pro se* petition, stating, "We ordered the transcript and it turns out that I did admonish him of the two year term of mandatory supervised release upon completion of his sentence and accordingly, this petition is frivolous and patently without merit. Petition for PC relief is denied." The court issued a written order explaining his dismissal. Defendant now appeals.

¶ 7                                    ANALYSIS

¶ 8    The Illinois Post-Conviction Hearing Act provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitution. *People v. Beaman*, 229 Ill. 2d 56, 71 (2008). Under the Act, the trial court is directed to summarily dismiss a petition at the first stage if the court determines "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a) (West 2008). Our supreme court has held that a petition can be dismissed at the first stage as frivolous or patently without merit "only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 12 (2009). "A petition which lacks an arguable basis in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation. An example of an indisputably meritless legal theory is one which is completely contradicted by the record." *Hodges*, 234 Ill. 2d at 16 (citing

*People v. Robinson*, 217 Ill. 2d 43 (2005)). In assessing the merits of a postconviction petition at this stage, the court is to "take all well-pleaded facts in the petition and affidavits as true." *People v. Coleman*, 183 Ill. 2d 366, 378 (1998). We review a trial court's first-stage summary dismissal of a postconviction petition *de novo*, which means we "are free to substitute our own judgment for that of the circuit court in order to formulate the legally correct answer." *People v. Newbolds*, 364 Ill. App. 3d 672, 675 (2006).

¶ 9    In his main brief, defendant contends that he is entitled to a reduction in his sentence because the trial court failed to adequately advise him that he must serve an MSR term when he was sentenced to prison. Defendant argues that the trial court failed to meet the requirements of Supreme Court Rule 402 (Ill. S. Ct. R. 402(a) (eff. July 1, 1997)) and standards set out by our supreme court in *People v. Whitfield*, 217 Ill. 2d 177 (2005), and *People v. Morris*, 236 Ill. 2d 345 (2010), because, though the court mentioned the two-year MSR when admonishing defendant about the possible range of sentences defendant could receive, it failed to "link" the admonishment about the MSR to his actual 6½-year sentence.

¶ 10    Before accepting a guilty plea, the trial court must substantially comply with Rule 402. Our supreme court has held that a court fails to substantially comply with Rule 402 and violates the defendant's due process rights "when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a mandatory supervised release term will be added to the sentence." *Whitfield*, 217 Ill. 2d at 195.

¶ 11    In *Whitfield*, the defendant pled guilty to charges of first degree murder and armed robbery pursuant to a negotiated plea agreement which provided that the defendant would receive concurrent sentences totaling 25 years in exchange for his guilty plea. *Whitfield*, 217 Ill. 2d at 179. Although a three-year term of MSR was statutorily required to be served in addition to this sentence, MSR was never discussed by the State during plea negotiations and the defendant was never admonished of his MSR obligation by the trial court during the plea hearing. *Whitfield*, 217 Ill. 2d at 180. The defendant sought postconviction relief, arguing that his due process rights were violated because the MSR term added to his negotiated sentence resulted in a more onerous sentence than the one he had bargained before in exchange for his guilty plea. *Whitfield*, 217 Ill. 2d at 180.

¶ 12    After the trial court dismissed defendant's petition at the second stage of postconviction review and this court affirmed, our supreme court reversed and found that "the court's failure to advise the defendant, on the record, concerning the MSR term [is] reversible error and a violation of due process." *Whitfield*, 217 Ill. 2d at 194. In reaching its conclusion, the court stated that "there is no substantial compliance with Rule 402 and due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, *prior* to accepting his plea, that a mandatory supervised release term will be added to that sentence. In these circumstances, addition of the MSR term to the agreed-upon sentence violates due process because the sentence imposed is more onerous than the one defendant agreed to at the time of the plea hearing" and "constitutes an unfair breach of the plea agreement." (Emphasis added.) *Whitfield*, 217 Ill. 2d at 195.

¶ 13    In *Whitfield*, there was no mention of the MSR term during the entirety of the

proceedings, and as a result, the court found that the defendant was not aware of the consequences of his plea. Here, in contrast, the trial court in advising defendant of the nature of the charge to which he was pleading guilty expressly admonished him that the offense carried a two-year period of mandatory supervised release. Specifically, the court stated that defendant "could be sentenced for a fixed period of time between four years minimum to 15 years maximum" and that "[a]ny period of incarceration would be followed by a period of mandatory supervised release of two years following your discharge from the Department of Corrections." Therefore, it is clear that pursuant to the holding in *Whitfield*, the trial court, by advising defendant of the MSR term prior to accepting defendant's plea, substantially complied with the requirements of Rule 402 and did not violate defendant's due process rights.

¶ 14    Defendant contends, however, that pursuant to our supreme court's holding in *People v. Morris*, 236 Ill. 2d 345 (2010), even if a trial judge advises a defendant of his MSR term during the sentencing hearing, if the judge fails to reiterate the MSR term at the time the specific sentence is announced, the admonishment fails to comply with Rule 402 and the requirements of due process. While we acknowledge that the *Morris* court said that the "better practice" would be to incorporate the MSR admonition with the announcement of the sentence, we do not agree with defendant's assertion that such a practice is mandatory in order to satisfy the requirements of due process.

¶ 15    In *Morris*, our supreme court took the opportunity to clarify its decision in *Whitfield*. In so doing, the court stated that *Whitfield* requires trial courts to advise defendants an MSR term "will be added to the actual sentence agreed upon in exchange for a guilty plea to the offense charged." *Morris*, 236 Ill. 2d at 366-68. It explained that, in addition to ensuring a defendant enters a plea " 'intelligently and with full knowledge of its consequences,' " admonishments must also inform the defendant of the actual terms of the bargain made with the State. *Morris*, 236 Ill. 2d at 366 (quoting *Whitfield*, 217 Ill. 2d at 184). "An admonition that uses the term 'MSR' without putting it in some relevant context cannot serve to advise the defendant of the consequences of his guilty plea and cannot aid the defendant in making an informed decision about his case." *Morris*, 236 Ill. 2d at 366. Additionally, the supreme court declared that, while a trial court's MSR admonishments need not be perfect, the admonishments "must substantially comply with the requirements of [Supreme Court] Rule 402 and the precedent of this court." *Morris*, 236 Ill. 2d at 367.

¶ 16    Despite the supreme court's efforts to clarify *Whitfield*, there is a disagreement among the appellate courts on the issue of whether a trial court's mentioning that mandatory supervised release will be attached to any prison sentence when informing the defendant of the minimum and maximum penalties of the crimes charged satisfies due process, Rule 402 and *Whitfield*. For instance, in *People v. Burns*, 405 Ill. App. 3d 40 (2010), the Second District held that a statement was insufficient because it did not link the MSR term to the actual sentences the defendant would receive under his plea agreement and did not convey unconditionally that the MSR term would be added to the agreed-upon sentences. *Burns*, 405 Ill. App. 3d at 43-45. In that case, prior to accepting the defendant's plea, the trial court admonished the defendant as follows:

" 'Mr. Burns, on both cases, the armed robbery, a Class X felony, and the home

invasion is also a Class X felony, you should be advised that a conviction on these offenses could result in you being sentenced to the Illinois Department of Corrections for a period of time from 6 to 30 years; the extended term is 30 to 60 years. There's a potential fine of up to $25,000, with a period of three years mandatory supervised release.' " *Burns*, 405 Ill. App. 3d at 42.

¶ 17   The appellate court concluded that this admonition was not consistent with *Whitfield* and *Morris*, because "an ordinary person in the defendant's place might have reasonably believed that he would not have to serve any MSR as a result of his plea agreement." *Burns*, 405 Ill. App. 3d at 44. The Second District further noted it had previously found the type of admonishment at issue insufficient because it linked MSR to the maximum sentences rather than to the sentences specified in the plea agreement. *Burns*, 405 Ill. App. 3d at 44 (citing *People v. Daniels*, 388 Ill. App. 3d 952, 959 (2009)).

¶ 18   Defendant urges this court to follow the holding in *Burns* and find that unless a trial court links the MSR term to the specific prison sentence, due process is not satisfied. However, we find this court's holding in *People v. Davis*, 403 Ill. App. 3d 461 (2010), to be more persuasive. In *Davis*, this court held that "under *Whitfield*, a constitutional violation occurs only when there is absolutely no mention to a defendant, before he actually pleads guilty, that he must serve an MSR term in addition to the agreed-upon sentence that he will receive in exchange for his plea of guilty. If, prior to the guilty plea admonishments, the defendant knows he will be sentenced to the penitentiary in exchange for his plea of guilty, and knowing this, he is told during the guilty plea hearing that he must serve an MSR term upon being sentenced to the penitentiary, then the defendant is placed on notice that his debt to society for the crime he admits to having committed extends beyond fulfilling his sentence to the penitentiary." *Davis*, 403 Ill. App. 3d at 466. The court referred to this as the "*Whitfield* rule" as delineated in *People v. Marshall*, 381 Ill. App. 3d 724 (2008), wherein the court held that an admonishment to a defendant before he pled guilty that he " 'could get a penitentiary sentence and have to serve a period of three years['] mandatory supervised release, which is like parole, when you get out of the penitentiary' " satisfied the constitutional standard that defendant have full knowledge of the consequences before entering his guilty plea. (Internal quotation marks omitted.) *Davis*, 403 Ill. App. 3d at 466 (citing *Marshall*, 381 Ill. App. 3d at 727).

¶ 19   The *Davis* court noted that in *Morris*, our supreme court cited the *Marshall* decision with approval. *Morris*, 236 Ill. 2d at 367. Further the *Davis* court stated that "[u]ntil the supreme court tells us differently, we believe *Marshall* settles the issue of whether the *Whitfield* rule extends to the 'sole mention' of the MSR term in the circuit court's preplea admonishments in the First District." *Davis*, 403 Ill. App. 3d at 467. We concur. Although, as explained by the supreme court in *Morris*, the "better practice would incorporate the mandatory supervised release admonition when the specific sentencing is announced" (internal quotation marks omitted) (*Morris*, 236 Ill. 2d at 367), the trial court complied with Rule 402 and satisfied the requirements of due process by advising defendant prior to imposing the sentencing that he would have to serve two years of MSR.

¶ 20   Defendant filed a supplemental brief on December 3, 2010, raising an additional argument that a penal institution has no authority to increase a defendant's sentence beyond

that imposed by the trial court. Defendant contends that the trial court sentenced him to 6½ years' imprisonment and that by requiring him to serve an additional 2 years of mandatory supervised release after his prison term ends, IDOC has violated his due process rights and the separation of powers clause of the Illinois Constitution. Ill. Const. 1970, art. II, § 1. In making this argument, defendant relies upon *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), *reh'g denied*, 462 F.3d 147 (2d Cir. 2006). In *Earley*, defendant pled guilty to burglary in the second degree and, pursuant to a plea agreement, was sentenced to six years in prison. Although the New York legislature had recently passed a statute imposing a mandatory term of postrelease supervision (PRS) that applied to the defendant's sentence, no term of PRS was included in the sentence announced in court by the judge, the written judgment or the written order of commitment signed by the clerk of the court. *Earley*, 451 F.3d at 73. After learning that the New York Department of Correctional Services would impose a five-year term of PRS to his six-year prison sentence and exhausting his remedies in state court, defendant filed a writ of *habeas corpus* in federal district court arguing that the PRS term violated his due process rights. *Earley*, 451 F.3d at 73. The district court denied the petition but on appeal the Second Circuit held that the term of PRS could not be applied to the defendant because it increased his sentence beyond that imposed by the court. *Earley*, 451 F.3d at 75. Defendant in this case argues that *Earley* is analogous and that IDOC has no authority to detain him beyond the prison term announced by the trial judge. However, this case is distinguishable from *Earley* in that the trial judge here advised defendant during the plea hearing that any prison sentence "would be followed by a period of mandatory supervised release of two years following your discharge from the Department of Corrections."

¶ 21 Defendant argues that because his conviction for aggravated discharge of a firearm is one of the offenses enumerated in subsection 3-6-3(a)(2)(iv) of the Unified Code of Corrections, he must serve at least 85% of the 6½-year sentence, approximately 5½ years. 730 ILCS 5/3-6-3(a)(2.1) (West 2008). When the 2-year MSR term is added to this minimum possible sentence, defendant will serve a sentence of at least 7½ years.

¶ 22 Section 5-8-1(d)(3) of the Unified Code of Corrections (Code), which addresses MSR, provides:

> "Except where a term of natural life is imposed, every sentence shall include as though written therein[,] a term in addition to the term in addition to the term of imprisonment. For those sentenced under the law in effect prior to February 1, 1978, such term shall be identified as a parole term. For those sentenced on or after February 1, 1979, such term shall be identified as a mandatory supervised release term. Subject to earlier termination under Section 3-3-8, the parole or mandatory supervised release term shall be as follows:
>
>     (1) for first degree murder or a Class X felony ***, 3 years;
>
>     (2) for a Class 1 felony or a Class 2 felony ***, 2 years;
>
>     (3) for a Class 3 felony or a Class 4 felony, 1 year[.]" 730 ILCS 5/5-8-1(d) (West 2006).

¶ 23 Therefore, as made evident by the plain language of section 5-8-1(d) of the Code, the

MSR term is a mandatory component of defendant's sentence. Except where a natural life sentence has been imposed, "every sentence *shall* include as though written therein a term in addition to the term of imprisonment." 730 ILCS 5/5-8-1(d) (West 2006). Consequently, even defendants who are convicted of first degree murder and therefore "shall receive no good conduct credit and shall serve the entire sentence imposed by the court," must serve a three-year term of MSR after serving their "entire sentence." 730 ILCS 5/3-6-3(a)(2)(i) (West 2008). Accordingly, the MSR term is not a negotiated release or a privilege but, rather, a mandatory part of defendant's sentence. *People v. Wilson*, 361 Ill. App. 3d 93 (2005) (appeal denied and judgment ordered vacated (217 Ill. 2d 624 (2006) (supervisory op.)); opinion on remand 364 Ill. App. 3d 762 (2006)). As such, when defendant was sentenced by the trial court to 6½ years' imprisonment, his sentence included a two-year MSR term, which would be served only after his release, whenever that occurred. Since, as discussed above, defendant was properly notified prior to his negotiated guilty plea that he would be sentenced to two years of MSR there is no due process violation. Further, the sentence was imposed by the trial court and was not added to his sentence by IDOC. Therefore, defendant's assertion that his sentence was "increased" by IDOC in violation of the separation of powers clause of the Illinois Constitution is without merit.

¶ 24                                    CONCLUSION

¶ 25        For the reasons stated herein, we affirm the order of the circuit court.

¶ 26        Affirmed.